ODA KIDWELL v. THE STATE.

No. 1853. Decided June 5, 1912.

1.—Minor—Intoxicating Liquors—Statement of Facts.

Where the purported statement of facts was not approved by the judge or filed in the lower court, the same could not be considered on appeal.

2.—Same—Practice on Appeal.

A complaint, that the court failed to charge on circumstantial evidence which the evidence demanded, is too general to require any consideration on appeal. Following Berg v. State, 64 Texas Crim. Rep., 612, and other cases.

3.—Same—Charge of Court—Misdemeanor—Practice on Appeal.

In misdemeanor cases the only way this court is authorized to review a complaint of the charge of the court, either of commission or omission must be shown by bill of exceptions taken at the time and made full and specific. Following Hobbs v. State, 7 Texas Crim. App., 118.

Appeal from the County Court of Franklin.    Tried below before the Hon. G. E. Cowan.

Appeal from a conviction of unlawfully selling and giving intoxicating liquors to minor, etc.; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted for unlawfully selling or giving intoxicating liquors to a minor without the written consent of his parent or guardian and was fined $25.

The term of court at which the conviction was had adjourned May 7, 1910.    There is in the record what perhaps was intended for a statement of facts, but it is not shown to have been filed in the lower court, nor in any way approved by the judge thereof. So that in neither event it can be considered for any purpose.

The only question sought to be raised is shown by the motion for new trial which complains that "the verdict of the jury is against the law," and "that the court failed to charge the law applicable to the case."

In addition to this, there is in the record, without stating when it was filed, what is designated as an assignment of error in these words:   "1, and only error the court failed to charge on circumstantial evidence, to which the evidence demanded a charge."

These assignments are too general to require any consideration by this court.   Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W., 884; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W., 878, and the authorities therein cited.   Again, it is the well established law of this State that in misdemeanor cases the only way this court is authorized to review complaints of the charge of the court, either of commission or omission, must be shown by bill of exceptions taken at the time and made full and specific.   Hobbs v. State, 7 Texas Crim. App., 118; Campbell v. State, 3 Texas Crim. App., 33; Goode v. State, 2 Texas Crim. App., 520; Dunbar v. State, 34 Texas Crim. Rep., 596; Downey v. State, 33 Texas Crim. Rep., 380; Cole v. State, 28 Texas Crim. App., 536; Lloyd v. State, 19 Texas Crim. App., 322; Lucio v. State, 35 Texas Crim. Rep., 320; Martin v. State, 32 Texas Crim. Rep., 442; Wright v. State, 60 Texas Crim. Rep., 386; Jenkins v. State, 60 Texas Crim. Rep., 465; Basquez v. State, 56 Texas Crim. Rep., 330.

The judgment is affirmed.

*Affirmed.*