Wheeler, J.
It is well settled that it is for the jury to decide upon the credibility of witnesses and the weight of evidence. And where they have decided upon conflicting testimony tills court will not disturb their verdict. The jury doubtless gave' credence to the witness who testified on behalf of the State, and did not credit tiie testimony by which the defendant sought to impeach his credibility. They were the exclusive judges of that question. We see no reason for the supposition that they found their verdict on the statement of the defendant’s witness respecting the “whiskey game,” of which he spoke, but to which lie fixed no date. Nor is there any reason to suppose that the verdict of the jury was influenced by the instruction of the court in respect to that game. The testimony was direct and positive to the fact of the playing at a game on which money was bet, at the time and place charged, and on that evidence, doubtless, the jury found their verdict. It is not very material, therefore, whether the instruction of the court was correct or not as to the abstract proposition embraced in it. It was, however, substantially correct. If the parties bet upon the game with the understanding that the loser should pay the bill of the company, it was, in effect a betting of money. It certainly was not what the parties might drink which was risked or bet upon the game. It was not property nor its representative; but it was money, which, instead of being paid by the loser to the winner, was to be paid to the dramseller. The conviction appears to have been legal and correct, and the judgment is affirmed.
Judgment affirmed.