## WILL COLE v. THE STATE.

### No. 6968.    Decided May 28.

1. **Term Defined.**—"Public House," as that term is used in the statutes, signifies a house commonly open to the public either for business, pleasure, religious worship, the gratification of curiosity, or other like purpose.  The term is generic in its character, and is intended by law to include all houses made public by the occupation carried on in them,  \*  \*  \*  or by the resort of numerous persons, or in any other way.  A public school house comes within the scope of this definition even during the time when it is in temporary use for other than public school purposes.

2. **Playing Cards in a Public Place—Evidence.** — The indictment described and the evidence showed the house to be a school house " commonly open to the public for educational purposes, and business connected therewith, and where people then and there did resort for the purposes aforesaid, and for the purpose of business, recreation, and pleasure;  \*  \*  \*  said house being then and there a public place."  The cards were played on Sunday, and not on a day when the house was used by the public for religious purposes.  The State was allowed to prove that the house was also used by the public for religious worship, and that religious services were held in said house on the day of the card playing.  This proof was objected to upon the ground that it was incompetent to give the house a public character by proving it was put to other uses than those alleged in the indictment.  *Held*, that the admission of the evidence complained of constituted only immaterial error, in view of other proof that the house was a school house, used, occupied, and resorted to as such.

3. **Misdemeanor.—The Charge of the Court** in a misdemeanor case will not be revised on appeal in the absence of a bill of exceptions.

APPEAL from the County Court of Brown.    Tried below before Hon. R. P. Conner, County Judge.

The conviction was for playing cards in a public place, and the penalty assessed against the appellant was a fine of ten dollars.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The charge as set forth in the indictment was that defendant did, etc., "play at a game with cards at a certain public house, to-wit, a certain school house on Stepp's Creek, in said county and State, commonly open to the public for educational purposes, and business connected therewith, and where people did then and there resort for the purposes aforesaid, and for the purpose of business, recrea-. tion, and amusement, and said house being then and there a public place," etc.

The evidence fully established that the house where the playing took place was a school house, built by the public, and used for educational purposes.    But the playing was done on a Sunday, and not on a day when the house was used by the public for educational purposes.    It was objected by defendant that the State was allowed to prove that said

school house was also used for religious worship, and that religious services were held there on the day of the card playing, the objection being that it was incompetent to give the house a public character by proving it was put to other uses than those alleged in the indictment.

The term "public house," as used in the statute (Penal Code, art. 356), signifies a house commonly open to the public either for business, pleasure, religious worship, the gratification of curiosity, and the like. The State v. Alvey, 26 Texas, 155. The term "public house" is generic in its character, and is intended by law to include all houses made public by the occupation carried on in them, as inns, taverns, store houses for retailing liquors, or those made public by the resort of numerous persons, or in any other way. The State v. Barnes, 25 Texas, 654. A school house is such a public house, and the fact that at times it is not temporarily occupied as such, or that may be occupied temporarily for other than school purposes, does not, when temporarily vacant or when so occupied for other purposes, make it any the less a public house during the time it is actually dedicated to school purposes as such.

If the house was being occupied during the week for school purposes, it was none the less a public house on Sunday, whether occupied at all, or whether used on that day for religious services.

The evidence complained of in the bill of exceptions was immaterial, there being abundant testimony that at the time of the playing the house was a school house, occupied, used, and resorted to as such.

There were no exceptions to the charge of the court, nor to the refusal of the defendant's special requested instructions, and the case being a misdemeanor, in the absence of exception the charges will not be revised. Loyd v. The State, 19 Texas Ct. App., 321; Comer v. The State, 26 Texas Ct. App., 509.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.