### S. R. DOWNEY v. THE STATE.

*No. 456.   Decided May 19.*

1. **Misdemeanor—Refused Instructions—Practice.**—On the trial of a misdemeanor exceptions should be reserved to the refusal of the court to give special requested instructions in charge to the jury.

2. **Aggravated Assault and Battery—Charge—Abandonment of Difficulty —Self-Defense.**—See facts stated in the opinion, upon which it is held, that neither the issue of abandonment of difficulty nor self-defense was raised on a trial for aggravated assault and battery, and the court did not err in refusing to charge on those issues.

APPEAL from the County Court of Hamilton. Tried below before Hon. C. W. COTTON, Special Judge.

This appeal is from a conviction for aggravated assault and battery, the punishment assessed being a fine of $200 and one month's imprisonment in the county jail.

The case is sufficiently stated in the opinion.

*Warren & Main,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appeal from Hamilton County. Appellant was convicted of aggravated assault and battery. His requested instructions in regard to self-defense and abandonment of the difficulty were correctly refused. Exceptions were not reserved to such refusal. This being a misdemeanor, the rule laid down in the Loyd case, 19 Texas Criminal Appeals, 321, and numerous other cases, should have been observed, and proper exceptions reserved. The question of abandonment was not an issue under the facts, nor was self-defense, though the court submitted this latter issue.

The difficulty originated in a saloon, between appellant and son upon one side, and one Hudson on the other. The parties were required by the proprietor to desist or leave his house. Appellant, accompanied by his son, went upon the sidewalk, and shortly afterwards Hudson also went out. The State proved that when he emerged from the door the Downeys at once rushed upon him and began the assault, one being armed with brass knucks and the other with an open knife; that Hudson was knocked down senseless; that his skull was fractured and his nose broken; that the son continued beating him about the head after he was down, until kicked or pulled off by the bystanders; that meantime the father was holding back the crowd with an open knife, remarking to them, "Stand back; let him kill the damn rascal." For the defense, it was shown that Hudson had stated to and of Ira Downey, the son, "I know him of old; he is a God damn thieving son-of-a-bitch, and his father and mother before him are;" and that Hudson passed out of the house and started off, when the younger Downey remarked, "Let the man who called my mother a bitch throw himself in the light;" that Hudson turned, approached the Downeys with a knife in his hand, and threatened to disembowel the younger Downey, who knocked him down, inflicting the wounds described; that the appellant, with open knife in hand, kept back the crowd, saying, "Let them have a fair fight;" that when pulled from Hudson, Downey remarked, "Father, put up your knife; we have enough," and left the scene of the trouble. We do not undertake to state all the testimony, but only sufficient of it to illustrate the questions sought to be set forth in the refused instructions. The evidence, as we understand it, raises neither issue contended for in the instructions. Appellant entered into the difficulty willingly, and remained in it until it was finished.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.