### LOUIS DUNBAR V. THE STATE.

*No. 774.   Decided June 12.*

**1.   Betting on a Gaming Table or Bank—Evidence.**—Where, on a trial for betting on a gaming table or bank, the evidence was, that the parties played on a pool table for drinks at the close of each game, and that the loser paid for the drinks, *Held*, that this was betting on a gaming table within the purview of articles 360 and 364, Penal Code, although there was no agreement beforehand that the loser should pay for the drinks.

**2.   Charge in Misdemeanor—Practice on Appeal.**—In misdemeanor cases, unless the charge of the court is excepted to, and such special additional instructions as may be desired are asked, the court on appeal will not revise the charge, unless radically wrong.

APPEAL from the District Court of San Saba.   Tried below before Hon. W. M. ALLISON.

This appeal is from a conviction for betting at a gaming table and bank known as a pool table, the punishment being assessed at a fine of $10.

No statement necessary.

*Burleson & Meek*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is a conviction for betting " at a gam ing table and bank known as a 'pool table.' "   The evidence shows, that appellant and a friend played for the drinks on a pool table; that the loser paid for such drinks; that they had no agreement beforehand that the loser should pay for the drinks; that they played a great many games, and the loser paid for the drinks at the close of each game.   This is a betting on a gaming table within the purview of articles 360 and 364 of the Penal Code.   Bachellor v. The State, 10 Texas, 258; Tuttle v. The State, 1 Texas Crim. App., 365; Vanwey v. The State, 41 Texas, 639.   There is no such error in the charge as requires a reversal of the judgment.   " In misdemeanor cases, the de-

fendant must except to the charge of the court at the time, and must ask such additional instructions as he may desire; and, unless he does so in the court below, such charge will not be revised unless radically wrong." Loyd v. The State, 19 Texas Crim. App., 321; Day v. The State, 21 Texas Crim. App., 213; Comer v. The State, 26 Texas Crim. App., 509; Cole v. The State, 28 Texas Crim. App., 536; Garner v. The State, 28 Texas Crim. App., 561; Finney v. The State, 29 Texas Crim. App., 184. Exceptions were not reserved to the charge, and special instructions were not requested.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.