### CHARLES LUCIO v. THE STATE.

*No. 1155. Decided December 21st, 1895.*

**1. Selling Liquor Without License—United States Revenue License—Evidence—Copy of Entry.**

On a trial for selling spirituous liquor without license, an examined copy from the books of the Internal Revenue Collector, showing the names of those who had paid the United States revenue tax, is admissible in evidence. Following, Gersteman v. State, ante p. 318.

**2. Same—Burden of Proof—Charge.**

On a trial for selling spirituous liquors without having obtained a license, the burden of proof is upon the defendant, that he had first obtained such license, and the court did not err in so charging the jury.

**3. Same—Evidence of License to Sell Malt Liquors.**

On a trial for selling spirituous liquors without license, it is not error for the court to exclude evidence that defendant had a license to sell malt liquors, even as a mitigation of the penalty.

**4. Same—Charge—Circumstantial Evidence—Misdemeanor Case.**

A prosecution for selling spirituous liquors without license is a misdemeanor case, and in such a case an omission of the charge of the court to instruct upon circumstantial evidence will not constitute error unless a requested instruction upon the subject has been refused and exception reserved.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This is an appeal from a conviction for selling spirituous liquors without having obtained a license, the punishment assessed being a fine of $450.

No general statement necessary.

Defendant's first bill of exceptions was as follows:

Be it remembered, that on the trial of the above cause, the court charged the jury as follows: "If you believe from the evidence that defendant did engage in the sale of, and did pursue and follow, the occupation of selling spirituous, or vinous, or malt liquors, then the burden of proof is upon the defendant to show that he had first obtained a license to do so, to which part of the charge of the court the defendant, before the jury had retired to consider their verdict, then and there excepted.

"First.—Because the burden of proof was upon the State.

"Second.—Because such proof was not peculiarly within the knowledge of defendant, but was in the knowledge of the State, as the records of the office of the Clerk of the County Court of Harris County would show whether or not a license had been issued to defendant, all of which exceptions were by the court overruled, and to which ruling of the court the defendant here tenders this bill of exceptions and asks that the same may be approved and made part of the record to which it relates, which is accordingly done this 29th day of June, 1895."

Defendant's second bill of exceptions was as follows: Be it remembered, that on the trial of the above styled and numbered cause, the State, by her District Attorney, offered in evidence the copy of a list of names of persons said to have paid the United States internal revenue tax as a seller of spirituous, vinous and malt liquors, taken from a book kept in the office of - the Internal Revenue Collector at Austin, with reference to which J. E. Kauffman, a witness for the State, being sworn, testified as follows:

"I am United States Collector of Internal Revenue for the Third District of Texas, which includes Harris County. I was appointed such collector in 1894. I was not such collector when the record from which this copy was taken was made (witness referred to a copy in his hand taken from a record of his office). This copy was made by me from a book kept in my office, which is the alphabetical list of the names of all persons in said Third District who have paid United States special taxes during the year beginning June 1, 1893, and ending June 30, 1894. That book or list I am required by the United States statutes to keep in my office open to public inspection. This copy includes the entries in said book or list with reference to those persons in Harris County who, as far as the list shows, paid special taxes to the United States government as retail and wholesale liquor dealers and retail and wholesale malt liquor dealers, and it does not include any entries in said book or list with reference to any persons who paid any special United States taxes for any other business.

"That book or list that I have spoken of is made up in this way: The applications for United States licenses are taken in hand by the proper

clerk, and from them the entries are made by him in said book or list in alphabetical order.   I know that this copy is a correct copy taken from said book or list, because I personally examined and compared it with said book or list and found it a correct copy.   I cannot say when it was made.   I took charge of it, as its legal custodian, when I came into the office, and have been its legal custodian since that time."

The defendant then and there objected to the introduction of the same for the following reasons:

First.—Because the fact to be proven by the State to make out a prima facie case against defendant was that he paid said internal revenue tax to the United States government for pursuing the sale of spirituous liquors, and the best evidence of whether or not defendant had paid said tax should have been proven by the Internal Revenue Collector to whom said defendant made such payment; and if any paper evidence was admissible, it was the original application for license, or the list made from same, coupled with proof of payment of the tax.

Second.—Because it was the right of defendant to be confronted by the witness against him, by the United States Internal Revenue Collector, to whom said payment was made.

Third.—Because the list offered in evidence was a copy of a copy, and was, therefore, not admissible, and said list was mere hearsay in this, that the witness who testified to the list which he had in his office, and which was offered in evidence, the same being a copy of books in the internal revenue office, was not the Internal Revenue Collector at the time the original application was filed, but was appointed Internal Revenue Collector after application had been made up, and the books were made up from the copy which he had; which said objection was overruled, and said copy was admitted in evidence against the defendant. The defendant then and there, in open court, excepted to the action of the court in overruling said objections and admitting said list, and now here tenders this, his bill of exceptions, and asks that the same be signed and filed, and made a part of the record, which is accordingly done.

Defendant's third bill of exceptions was as follows: Be it remembered, that on the trial of the above styled and numbered cause, the State, by her District Attorney, offered in evidence the order of the Commissioners' Court of Harris County, to show that said Commissioners' Court had levied an occupation tax against sellers of spirituous, vinous and malt liquors and medicated bitters, equal to one-half of the tax of the State on said occupation, to which the defendant then and there objected, because,

First.—It appeared from said order that the same was made at a time anterior to the time that the acts of the legislature of 1893, levying a tax on said occupation and prescribing the punishment for violation of said law, had gone into effect, which objection was, by the court, overruled, and said order of the Commissioners' Court was admitted in evidence, to which action of the court in overruling said objection and admitting said order in evidence, the defendant then and there excepted, and here

now tenders this, his bill of exceptions, and asks that the same may be signed, filed and made a part of the record herein, which is accordingly done.

*Perryman & Bullitt*, and *W. C. Oliver*, for appellant.—The court erred in charging the jury that the burden of proof was on the defendant.

Appellant submits this proposition: That under the law of the State he is presumed to be innocent until his guilt is established by the evidence, and that no guilt is established by showing that he engaged in a lawful business. Instead of the presumption being that he had no authority to pursue said business, the presumption of law is that he had such authority. The very fact to be proven against him was that he did not have a license. Whether he had a license or not, was not peculiarly within defendant's knowledge, but was equally within the knowledge of the State and susceptible of proof by the State, so that, the reason generally given for presuming defendants guilt until they prove their innocence in other States, in cases like this, did not and does not exist.

The court erred in admitting the copies of the records from the United States internal revenue office.

First.—The fact to be proven by the State to make out a prima facie case against him was the payment of the United States internal revenue tax as a seller of spirituous liquors.

Second.—The list offered and admitted in evidence on behalf of the State was hearsay.

Third.—The list offered and admitted was secondary evidence.

Fourth.—The list offered was a mere copy of an original, which original was itself hearsay and secondary evidence.

Fifth.—The statute which makes the fact of payment of the United States tax prima facie evidence that the party is engaged in selling spirituous liquors, does not alter the rules of evidence as to how proof of such payment should be made.

The court erred in admitting in evidence the order of the Commissioners' Court showing that they had levied an occupation tax in January, 1893.

That the tax levy of the county tax equal to one-half of the State tax, made by the Commissioners' Court of Harris County, in January, 1893, ceased to be operative when the act of the legislature regulating the sale of spirituous liquors was repealed by the present law, which took effect in August, 1893. Said tax levy was therefore not admissible under the present occupation tax.

The charge of the court was radically defective in failing to charge the jury the law on circumstantial evidence.

The State's only evidence that the defendant engaged in the occupation of selling spirituous liquors was the circumstance that his name appeared on a list of names of those who had paid the United States tax, which list was a record in the United States Internal Revenue Collect-

or's office, there being no direct and positive evidence that the defendant ever paid the United States internal revenue tax as a dealer in spirituous liquors.   The circumstance of his name appearing on said list was merely a fact tending to prove such payment.   The defendant and appellant relied on affirmative evidence as to what his occupation was, and the negative testimony of those conversant with his business was that they had never seen him sell spirituous or vinous liquors or medicated bitters, nor anything but beer and family groceries.   The fact to be proved against him was the engaging in an occupation which was necessarily a continuous thing, and more or less public.   Defendant also relied on the presumption of innocence to be considered in his behalf. The State depended upon the legal presumption of payment of the United States internal revenue tax, from the fact that his name was on said list.   If the State sufficiently proved that he paid the United States internal revenue tax, which was done merely by proving the fact that his name was on said list, it did not prove the actual payment of said United States internal revenue tax by him, otherwise than by said list.

If the evidence was sufficient to show that he paid the United States tax, the testimony of defendant was sufficient to overcome such prima facie case and raise a reasonable doubt of defendant's guilt.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of selling spirituous liquors in quantities of less than one gallon without first obtaining a license therefor, and without having paid the State and county tax for pursuing said occupation, and his punishment assessed at a fine of $450. With reference to the objection urged by appellant to the testimony offered by the State of an examined copy from the books of the Collector of Internal Revenue, which was introduced in connection with the testimony of the witness, J. E. Kauffman, we believe that the same was admissible, and refer to the case of Otto Gerstemann (decided at the present term) ante p. 318.   With reference to the order of the Commissioners' Court made in January, 1893, levying a tax of $150 on behalf of Harris County, which was introduced in evidence by the State, we make the same observations that we made with reference to the introduction of similar testimony in said case of Gerstemann v. State.   Said testimony, in our opinion, was admissible.   Appellant assigns as error the charge of the court, which in substance, told the jury, if they believed from the evidence that appellant pursued the occupation of a retail liquor dealer, as charged in the indictment, then the burden of proof was upon him to show that he had first obtained a license to pursue said occupation.   This charge was correct, because it was in the power of appellant to show his license.   The question has been repeatedly decided by this court.   Appellant proposed to prove that he had paid for and obtained a license to sell malt liquor.   The State objected, and the court sustained the objection, and appellant excepted.   This action of the court was correct.   The evidence was not admissible, because it

tended to solve no issue in the case. Nor was it admissible for the purpose of mitigating the penalty; its object was to present a false issue. A license to sell malt beer does not authorize the sale of spirituous and vinous liquors. The charge of the court in regard to the penalty was correct. See opinion in Gerstemann v. State, ante p. 318. Appellant also contends that the judgment should be reversed because the court should have charged the law applicable to a case of circumstantial evidence. There was no such charge requested, and no objection to this omission in the main charge. This is a misdemeanor, and charges must be requested. We are not to be understood as holding that this is a case of circumstantial evidence alone. We give no opinion on this subject. As to the sufficiency of the evidence, we will say the real issue of fact was fully and fairly submitted to the jury in the charge. It was for the jury to say whether the prima facie case made by the State had been overcome. By the verdict they decided it had not, and we do not feel justified in holding they are wrong. The judgment is affirmed.

*Affirmed.*