## POLITO BASQUEZ v. THE STATE.

### No. 3987.    Decided May 26, 1909.

**1.—Adultery—Misdemeanor—Charge of Court—Practice on Appeal.**

The rule in misdemeanor cases, is, in order to have the charge of the court reviewed, exception must be taken to the charge given, and a special instruction requested, otherwise the appellate court will not revise alleged errors in the court's charge. Following Woods v. State, 75 S. W. Rep., 37.

**2.—Same—Statutes Construed.**

Since the adoption of article 723 Code Criminal Procedure, the question of requesting special instructions in misdemeanor cases has been before the appellate court several times, and in each instance it was held that the old line of authorities on the question of the court's charge in misdemeanor cases still applied. Following Schoennerstedt v. State, 55 Texas Crim. Rep., 638, 117 S. W. Rep., 829.

**3.—Same—Sufficiency of the Evidence.**

Where upon trial for adultery the evidence supported the conviction there was no error.

Appeal from the County Court of Zavala.   Tried below before the Hon. O. A. Mills.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*Geo. C. Herman,* for appellant.—On question of sufficiency of the evidence: Boswell v. State, 48 Texas Crim. Rep., 47; 12 Texas Ct. Rep., 558.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for adultery, the punishment assessed being a fine of $100.

There is one bill of exceptions found in the record. This bill was reserved to the action of the court overruling motion for a new trial, and embodies the motion for a new trial. This does not add any strength to the grounds of the motion, and was not necessary. The motion for new trial contains four grounds, the first three of which criticise the court's charge on circumstantial evidence. This conviction is for a misdemeanor. The rule in misdemeanor cases is, in order to have the charge of the court reviewed, exception must be taken to the charges given, and that special instructions be requested, such as are desired, otherwise this court, under the statute, will not revise supposed errors. It may be well enough to repeat here what was said in the case of Woods v. State, 75 S. W. Rep., 37: "This being a misdemeanor case, omissions in the charge of the court must be cured at the time by special written charge requested by appellant. His failure to make such request, even though the omission in the charge be erroneous, will not authorize this court to reverse the case. However, appellant's counsel, in argument before this court, insists that article 723, Code of Criminal Procedure of 1895, has changed the rule with reference to misdemeanors. We have carefully examined this question, and, in our opinion, said article merely extends the time of exception to the charge of the court, but in no way cures the failure of the defendant in misdemeanors to tender special charges to the court at the time of the trial. Since the adoption of article 723 this question has been before this court several times, and in each instance we have held that the old line of authorities on the question of charge in misdemeanor cases still applied. Ramsey v. State, 65 S. W. Rep., 187; 3 Texas Ct. Rep., 359; Garner v. State, 70 S. W. Rep., 213; Bush v. State, 70 S. W. Rep., 550. For authorities under the old article, see White's Annotated Code of Criminal Procedure, article 719, sec. 813, subdiv. 6." See also Schoennerstedt v. State, 55 Texas Crim. Rep., 638, 117 S. W. Rep., 829. The only manner in which appellant presents his criticism of the charge is set out in motion for a new trial. He did not ask special instructions; at least, none are found in the record. Under this condition of things we are not authorized to review the alleged errors.

The fourth ground of the motion for a new trial urges the insufficiency of the evidence. We are of opinion that it is sufficient. Appellant's paramour was used as a witness. Among other things she testified that appellant was the father of her child, and the other circumstances are sufficient to corroborate her in material respects, showing that they lived together and cohabited. We do not undertake here to set out in detail the testimony.

The judgment is affirmed.

*Affirmed.*

BROOKS. Judge, absent.