## WATTIE JENKINS v. THE STATE.

### No. 786.   Decided November 9, 1910.

Rehearing Denied, December 7, 1910.

**1.—Aggravated Assault—Sufficiency of the Evidence.**

Where, upon trial of agggravated assault, the defendant was convicted of simple assault, and the jury was justified from the evidence in concluding that the defendant had fired the shot, the conviction was sustained and there was no error.

**2.—Same—Charge of Court—Deadly Weapon—Intent to Alarm.**

Where the defendant was convicted of simple assault he could not complain although he used a deadly weapon with intent to alarm the prosecutor, and that such facts might constitute aggravated assault.

**3.—Same—Charge of Court—Weight of Evidence.**

Where the court's charge left the determination of the grade of the offense to the jury it was not on the weight of the evidence.

**4.—Same—Charge of Court—Oral and Written Charges.**

When neither party had requested written charges, and the court submitted the case orally; but the jury afterwards requested a charge in writing which request was joined in by the county attorney, and the court thereupon submitted his charge in writing, there was no error.

**5.—Same—Bill of Exceptions—Practice on Appeal.**

Where, upon appeal, objections and exceptions to the charge of the court and refusal of requested charges were not saved in the record by proper bills of exceptions, the same could not be considered.

Appeal from the County Court of Taylor.   Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

*Ben L. Cox,* for appellant.—On the question of the court's charge on simple assault:   Jackson v. State, 103 S. W. Rep., 927; Lofton v. State, 59 Texas Crim. Rep., 588, 128 S. W. Rep., 384; Penal Code, art. 601, sec. 8.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal results from a conviction for simple assault had in the County Court of Taylor County, at the April term, 1910.   The information filed against appellant charged her with an aggravated assault committed upon the person of M. W. Jenkins with a gun, the same being then and there a deadly weapon. The evidence is not very satisfactory.

1.   The testimony of the State's witness Roe is to the effect that he was living in Abilene at the time of the occurrence out of which the prosecution arose, and was at the time deputy city marshal; that

he heard someone holloe at appellant's house; that he looked over toward the house and saw a negro man running away from the house and a negro woman shoot toward him; that the appellant is a negro woman and is the wife of M. W. Jenkins, the assaulted party, who, it seems, is a colored minister; that he knew them both, and when he heard the gun shoot the appellant had the gun in her hand, pointing same toward her husband, who appeared to be running, and who was about thirty feet from appellant at the time she fired. He then says: "It looked like Jenkins who was running and it looked like his wife, the defendant, who had the gun. I did not recognize either of the parties, but it looked like the defendant and her husband, M. W. Jenkins." He then stated that it was about 150 or 200 yards from where he was to where the shooting took place and he went to Jenkins' place at once, and went into the house and found there appellant, her husband and their daughter, Willie Jenkins; that he looked around but did not see any other negroes about the place; that there could have been other negroes there whom he did not see. He also says he examined the gun, which was sitting in the hall, and found it had recently been discharged. This gun was produced and identified by him on the trial. M. W. Jenkins, the husband of appellant, was introduced by the State and testified that he was at home on the day in question when Mr. Roe came there; that just prior to this time he had chastised his daughter Willie in the backyard; that he went into the house and she ran out of the house, and that when he was running after her the gun went off; that Willie was a grown girl, some sixteen years old; that he went back into the house and asked his wife what the shot meant, and she said when Willie ran out into the backyard the gun fell down in the hall and went off; that he found the gun sitting in the corner of the house and that his wife said she had picked it up from the floor and set it there. He further says that he and his wife had some words prior to the shooting about the chastisement of his daughter; that in just a few minutes Mr. Roe came with the gun and told them he wanted them to go to the courthouse. It also appears from the evidence that there was just one shot fired. It is not suggested in the evidence that any gun was discharged except that belonging at the Jenkins house, or that any other negro man or woman was there except the parties named. In this condition of the record we think the jury was justified in concluding that appellant had fired the shot in question.

2. The following portion of the court's charge was on the trial excepted to: "But if you believe from the evidence that the defendant is guilty of an assault, or an assault and battery, but have a reasonable doubt as to whether such assault and battery was an aggravated assault and battery as hereinbefore defined, you will acquit her of aggravated assault and battery and find her guilty of a simple assault or simple assault and battery, and assess her pun-

ishment at a fine not less than five nor more than twenty-five dollars." This was excepted to on the ground that no charge was called for on simple assault under the facts of the case. Second, that the charge as given was upon the weight of the evidence and did not give the jury any chance to acquit the defendant of simple assault or simple assault and battery. There has been some confusion as to whether, where one by the use of a deadly weapon and with mere intent to alarm commits assault upon another, this is an aggravated assault or simple assault. That question we need not further refer to now, since the conviction was for simple assault, and if guilty, appellant can not complain that she was found guilty of a lower grade of offense than under a proper construction of the law she should have been. There is no merit in the other proposition that the charge is upon the weight of the evidence, because, by its very terms, it is clearly an instruction that if the jury shall find that appellant is guilty of an assault or assault and battery, then in determining the grade of the offense, they should give appellant the benefit of the doubt.

3.   A rather unusual question of practice is presented by the next bill of exceptions. It seems that the court first gave the jury an oral charge in the case, no written charge having been demanded by the State or defendant. The bill recites that this oral charge given by the court was in all respects similar to the written charge in the record, except that in said oral charge the court did not submit to the jury the question of simple assault and assault and battery. The bill further recites that after receiving the court's oral charge, the jury retired and considered of their verdict for some time, deliberating about two hours, after which the jury came in and stated to the court that they were unable to agree on a verdict, and requested the court to give them a written charge or dismiss them from further consideration of the case. The bill further recites that the county attorney thereupon requested the court to submit to the jury his charge in writing, which the court did, over the objection of appellant. We think ordinarily under our statute that where both parties waive a written charge, that in justice neither should thereafter be heard to complain that the charge was not in writing, and that where the court gave a verbal charge he might well, on subsequent request so to do, decline to give a written one. Where, however, the court does thereafter give a written charge, and such charge is intrinsically unobjectionable and charges the law without error, blame, or fault, we think it would be quite an unreasonable rule to say that from the fact that he had done so it should work a reversal. We can not see in this case at least that any injustice has been done appellant.

4.   This disposes of the only two bills of exceptions contained in the record. There are some objections and exceptions to the charge of the court and some special charges requested, but these matters

are not saved by proper bills of exception. While not very satisfactory, we are scarcely prepared to hold that there is such a failure of testimony as would justify us in reversing a verdict which has received the approval of the court who heard the testimony and who is better advised than we can be as to the precise facts of the case.

The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied December 7, 1910.—Reporter.]