## J. W. BROWN v. THE STATE.

### No. 2944. Decided April 22, 1914.

#### 1.—Obstructing Public Road—Sufficiency of the Evidence.

Where, upon trial of unlawfully and wilfully obstructing and injuring, and causing the same to be done, a certain public road, the evidence sustained the conviction, there was no error, under a proper charge of the court.

#### 2.—Same—Case Stated—Intentional Violation of the Law.

Where the evidence showed that the alleged road had been properly constructed by the county authorities, and that defendant against the positive protest of the same undertook to determine for himself that the road was not properly constructed and knowingly, wilfully, and intentionally so reconstructed the same as to violate the law, the conviction was sustained.

#### 3.—Same—Charge of Court—Objections—Misdemeanor.

This court is not authorized to consider complaints of the charge of the court and the refusal of requested charges in misdemeanor cases, in the absence of a bill of exceptions taken at the time in the court below. Following Basquez v. State, 56 Texas Crim. Rep., 329, and other cases; besides, the court's main charge embraced all which was contained in the requested charges as far as it was proper to be submitted.

#### 4.—Same—Evidence—Declarations of Defendant—Wilfully.

Where defendant claimed that he had not wilfully obstructed the road, but that he acted solely to protect his premises from back water, there was no error to admit in evidence the declarations of the defendant, before he altered the road and obstructed the same, to the effect that there was no commissioner's court, etc., and that he would take the matter in his own hands, etc.

#### 5.—Same—Rule Stated—Evidence—Other Transactions.

It is competent to prove acts, conduct and declarations of the accused which tend to establish his knowledge or intent, though they in themselves constitute in law distinct crimes and are apparently collateral and foreign to the main issue and may have occurred either prior or subsequent to the act for which the accused is being tried.

Appeal from the County Court of Victoria. Tried below before the Hon. J. P. Pool.

Appeal from a conviction of unlawfully and wilfully obstructing and injuring a public road; penalty, a fine of $50.

The opinion states the case.

C. F. & C. C. Carsner and J. L. Dupree, for appellant.—On question of admitting defendant's declarations to change road, etc.: Dyerle v. State, 68 S. W. Rep., 174; 6 Ency. Ev., 427 and 473.

On question of refusing defendant's special requested charges: Richardson v. State, 47 Texas Crim. Rep., 592; Shubert v. State, 16 Texas Crim. App., 645; Thomas v. State, 14 id., 200.

C. E. Lane, Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for unlawfully and wilfully obstructing and injuring, and causing this to be done, one of the certain public roads in said county, and fined $50.

The record, practically without contradiction, except as hereinafter mentioned, shows this state of facts:

About a year before September, 1913, Victoria County, by and through its properly constituted authorities, had graded and graveled said public road, making it a solid, smooth graveled road. The country thereabouts was flat, smooth country, except that at one point near a small town or village, the road crossed a depression or drain. The county authorities put, at this place, a galvanized iron drain, about two feet in diameter, which was deemed sufficient. A day or two before September 18th a somewhat heavy rain fell in that country and the water on both sides of this road was backed up considerably by a railroad embankment near but below this road culvert. The county commissioner, who for the county and by its authority, had had said road constructed and was supervising it was at said town and his attention being called thereto, he examined the situation and found that the road was not backing up the water but the backing up and lack of drainage was caused by said railroad embankment. The appellant's residence was several hundred yards above this road and he, also nearer thereto than his residence, owned a tenant house and he found that the water was backed up somewhat around his residence and more so about his tenant house. He learned that said county commissioner was in the town on that occasion and he had one of his neighbors to tell the commissioner that he and others wanted to see him about said back water and ask him to fix some time after dinner to meet them. This friend interviewed the commissioner, as requested by appellant, and sought to make this engagement, but the commissioner told him that he had already examined the situation and found that the culvert under the road was amply sufficient to convey the water off and was not the cause of the water being backed up about appellant's property but was caused by said railroad, and if they would get the railroad embankment removed and the culvert that he had

wás not sufficient that he had another iron culvert on the ground and he would put that in or whatever was sufficient to properly convey the water away. As the commissioner couldn't wait to meet the appointment appellant sought, he left the. town. After dinner, the appellant with others, met where he had sought the commissioner to meet them and his friend reported his interview with the commissioner and the result thereof and what was told him by the commissioner. This angered appellant and he thereupon said: "I do not consider that we have got any commissioner or any Commissioners Court; they are not going to do anything; we will just take the matter in our own hands and cut it ourselves anyhow." Appellant testified he did not remember making any such statement. The others thereafter examined the ground and substantiated what the commissioner had said as to the cause of the back water and the claimed insufficiency of the culverts under the road. The commissioner also sent word at the time by appellant's friend, telling him and the others not to cut that road. Notwithstanding this, a day or two later, appellant bought, and with the assistance of others under his direction, on Saturday, did cut the road and put a wooden culvert therein. The uncontradicted testimony shows, in effect, that the road thereby was injured and was obstructed. Some of the witnesses testified that the road, after it was thus cut by appellant and this wooden culvert put in, was not in good condition, describing how and why it was not and stating that it was nothing like in as good condition after, as before. The appellant himself testified that at the ends where he put in the wooden culvert the road got boggy on each side and he afterwards fixed it, saying, "Before I put in this culvert this was a solid gravel road. The road is not as smooth now as it was before I put in the culvert."

Just after appellant cut the road and put in this wooden culvert another heavy rain fell there. The railroad embankment likewise caused the water to back up substantially as it had a few days before in the first rain. On Tuesday or Wednesday after appellant had cut the road and put in this wooden culvert on the previous Saturday, the constable of the precinct saw appellant and others at another point on this same road about 100 yards from where he had previously cut it prepared to again cut the road at that place. He thereupon went to where they were, inquired what they were going to do and they told him they were going to put in a wooden culvert. He, in effect, forbade them to do so and told them if they did he would arrest them. The constable thereupon went back to his place of business and at once communicated with the county judge and Commissioners Court and the said same commissioner who had this road in charge, and told them what appellant was in the act of doing again. They thereupon told the constable to inform appellant that he must not cut that road and that if he did that all of them who participated would be prosecuted. The constable went back and delivered the message. The parties had just begun operations to cut the road again. Upon the delivery of the message appellant said to his as-

sociates: "Let's go ahead and cut it in five or six places ányhow and just let them prosecute." Appellant denied saying all this, but said he did say at the time "Let's go ahead and put in a culvert." Another one of his associates who was present at the time testified that appellant did say on this occasion, "Let's cut it anyhow."

We think the evidence is amply sufficient to sustain the verdict. The evidence tends to show and we think with reasonable certainty does show that the said road had been properly constructed by the regularly constituted and proper authorities of the county; that the appellant concluded it had not been and he, against the positive protests and objection of the properly constituted authorities, undertook to determine for himself that the road was not properly constructed and that he would take the matter and the law in his own hands and construct it differently to suit his own desires; that he knowingly, wilfully and intentionally violated the law, and that his act, shown by his conduct and all the facts, were unjustified and the punishment meted out to him was proper.

He requested two special charges which the court refused. In his motion for a new trial he also had some complaints to the court's charge, but none of these matters are presented in such a way as to authorize this court to review them. As said by this court in Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317:

"It is the well-established law of this State that in misdemeanor cases the only way this court is authorized to consider complaints of the charge of the court and the refusal of special charges requested is by bill of exceptions taken at the time to the charge of the court in the matters attempted to be complained of, and to the. refusal of the court to give the special charges requested, giving in the bill therefor the specific reasons why the court erred in giving the charge complained of, or, as the case may be, in refusing the requested charge. Articles 717, 719, 723, C. C. P. (old); Hobbs v. State, 7 Texas Crim. App., 117; Campbell v. State, 3 Texas Crim. App., 33; Goode v. State, 2 Texas Crim. App., 520; Dunbar v. State, 34 Texas Crim. Rep., 596, 31 S. W. Rep., 401; Downey v. State, 33 Texas Crim. Rep., 380, 26 S. W. Rep., 859, 19 Am. St. Rep., 856; Loyd v. State, 19 Texas Crim. App., 321; Lucio v. State, 35 Texas Crim. Rep., 320, 33 S. W. Rep., 358; Martin v. State, 32 Texas Crim. Rep., 441, 24 S. W. Rep., 512; Wright v. State, 60 Texas Crim. Rep., 385, 131 S. W. Rep., 1070; Jenkins v. State, 60 Texas Crim. Rep., 465, 132 S. W. Rep., 133; Vasquez v. State, 56 Texas Crim. Rep., 329, 119 S. W. Rep., 861. It is unnecessary to cite other cases."

However, wherever necessary and proper to be given, the court in his main charge embraced all that was asked by appellant in his special charges and none of appellant's complaints of the court's charge present any reversible error, even if we could consider his complaints.

He has two bills of exceptions to the introduction of evidence. One is to that part of the testimony of his friend whom he had to interview the commissioner, substantially recited above, that he himself replied:

"It seems we have no commissioner and no Commissioners Court, just let's take the matter in our own hands and attend to it." The other bill is to that part of the testimony of the constable of what he swore appellant said when he delivered the Commissioners Court's message to the effect that he in reply thereto, said, "Let's go ahead and cut it in five or six places anyhow and just let them prosecute." His objections to the first of these matters was that the testimony was irrelevant, immaterial and not admissible for any purpose. And his objections to the other was because the same was irrelevant and· immaterial and not in anyway connected with the act for which he was on trial and did not show the commission of any offense and was inadmissible for any purpose.

The law under which this prosecution was had (art. 812, P. C., Act of April 3, 1913, p. 258), requires that the State shall prove that the accused *wilfully* obstructed or injured the road. Appellant claimed that he did not wilfully obstruct or injure the road, but that his purpose and intention was innocent and that if he obstructed and injured the road he did so solely to protect his premises from back water caused by said road. His intention, whether wilful or innocent, was therefore a material question. This testimony which he objected to tended to show that what he did was wilful and not innocent. Judge White, in sec. 1070 of his Ann. C. C. P., p. 676, among other things, says: "Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis —a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less probable. Whatever is a condition, either of the existence or of the non-existence of a relevant hypothesis, may be shown. . . . Evidence, though not bearing directly on the issue, nor sufficient per se to support a conviction, is admissible if it *tends* to prove the issue or constitutes a link in proof of it," citing cases from this court in support of his propositions. Again, in sec. 1072, he says: "However remote from the main issue in point of time, place, or other circumstances a fact may be, if relevant and tending to explain the main issue, the safer practice is to admit evidence thereof, leaving the question of the weight to the jury. Facts tending to show a motive (intent) though remote, are admissible in evidence," also citing cases from this·court supporting his proposition. Again he says, in sec. 1231 of his Ann. P. C.: "It is competent to prove acts, conduct or declarations of the accused which tend to establish his knowledge or intent, though they, in themeselves, constitute, in law, distinct crimes and are apparently collateral and foreign to the main issue and may have occurred either prior or subsequent to the act for which the accused is being tried," citing again cases from this court supporting his propositions.

In our opinion the evidence objected to by said bills was admissible in this case. The judgment will be affirmed.

*Affirmed.*

Davidson, Judge, absent at consultation.