PAT WILSON v. THE STATE.

No. 4154.   Decided October 11, 1916.

Rehearing overruled November 1, 1916.

1.—Gaming—Matching Money—Indictment.

Where, upon trial of matching money, etc., at least two counts of the four counts in the indictment, which were submitted to the jury, were good upon motion to quash, there was no reversible error. Davidson, Judge, dissenting.

2.—Same—Indictment—Pleading—Rule Stated.

Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses, and they may be charged conjunctively in the same count, and where the pleader charged them in separate counts, this did not change the rule. Following Cabiness v. State, 66 Texas Crim. Rep., 409.

3.—Same—Charge of Court—Requested Charges.

Where defendant in neither requested charge nor any way connected therewith, gave any reason why they should have been given, and did not except to the refusal of the court to give them, the same can not be considered on appeal.

4.—Same—Rule Stated—Misdemeanor—Bill of Exception—Practice on Appeal.

In misdemeanor cases, the only way this court is authorized to consider complaints of the charge of the court and the refusal of special requested charges, is by bill of exceptions taken at the time to the charge of the court, giving specific reasons of the court's ruling. Following Basquez v. State, 56 Texas Crim. Rep., 329, and other cases. However, there was no error in the ruling of the court.

5.—Same—Charge of Court—Sufficiency of the Evidence.

Where, upon trial of matching money, etc., the evidence was sufficient to sustain a conviction under a proper charge of the court, there was no reversible error. Davidson, Judge, dissenting.

6.—Same—Jury and Jury Law—Other Trials—Practice on Appeal.

Where, upon appeal of matching money, etc., it appeared from the record on appeal that in the preliminary examination of the jurors of the regular panel, some of them answered in substance that while they had sat as jurors in two other cases against another person on a similar charge and had an opinion, if the facts were similar in the instant case, yet that they could disregard said opinion and try the case according to the law and the evidence, there was no error in overruling a challenge on this account to the whole panel; besides, the record showed that none of the jurors who so answered sat on defendant's case. Following Edgar v. State, 59 Texas Crim. Rep., 252, and other cases.

7.—Same—Evidence—Wager For Drinks—Matching Coin.

Where one of the counts in the indictment charged defendant with matching money or coins for cold drinks, it was not necessary that the State must prove the kind of drinks for which the wager was made.

**8.—Same—Sufficiency of the Evidence.**

See opinion setting out the evidence which sustained a conviction for a bet or wager on a game of matching money for the drinks under a proper charge of the court. Davidson, Judge, dissenting.

Appeal from the County Court of Fisher. Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of betting or wagering on a game by matching money for the drinks; penalty, a fine of ten dollars.

The opinion states the case.

*L. H. McCrea* and *J. C. Randall,* for appellant.—On question of court's charge in striking out certain counts in the indictment and submitting others: Pollard v. State, 33 Texas Crim. Rep., 197; Peacock v. State, 37 id., 418; Boren v. State, 23 Texas Crim. App., 28.

On question of court's charge in failing to instruct the jury as to the meaning of cold drinks: Hale v. State, 8 Texas, 171; Bachelor v. State, 10 id., 258.

On question of new trial and charge of court: Berry v. State, 85 S. W. Rep., 14; Ellis v. State, 58 Texas Crim. Rep., 319.

On question of insufficiency of the indictment: Dancey v. State, 35 Texas Crim. Rep., 615.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of a petty misdemeanor and assessed the lowest fine, $10.

Among other offenses article 557, Penal Code, enacts: "If any person shall bet or wager at . . . the game of matching money or coins of any denomination for such coins, or for other things of value . . . he shall be fined not less than ten nor more than fifty dollars."

The indictment is in four counts; the charging part in each is, that said Wilson on or about January 30, 1916, in said county:

Then in the first: "did unlawfully bet and wager at a game of matching money and coins for such money and coins and other things of value."

In the second: He "did then and there unlawfully bet and wager at the game of matching money."

In the third: He "did then and there unlawfully bet and wager at a game of matching coins for such coins."

In the fourth: He "did then and there unlawfully bet and wager at a game of matching coins for other things of value, towit, cold drinks."

We think counts 1 and 4 are undoubtedly good.

The court eliminated the second and third by giving appellant's charge instructing the jury to consider neither in making up their verdict. Clearly the two remaining counts charged different phases of the same transaction under the same statute. This is always not only proper, and expressly provided for by statute (art. 481, C. C. P.) but

commendable as good criminal pleading, as this court has often said, in pleadings in both felony and misdemeanor. (White, Ann. C. C. P., sec. 403.) And where the pleading is as stated, no election between counts can be required in an indictment charging misdemeanors only. (White, idem., subdiv. 4; 1 Branch, Ann. P. C., p. 233, at the bottom of the page.) Both Judge White and Mr. Branch cite many decisions of this court so holding.

Judge White, in secs. 405 and 383, in his Ann. C. C. P., says: "Where several ways are set forth in the same statute by which an offense may be committed and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses, and they may be charged conjunctively in the same count," citing a large number of cases of this court and of the Supreme Court when it had criminal jurisdiction. This is unquestionably the law in this State. (Cabiness v. State, 66 Texas Crim. Rep., 409.) So that the pleader in this instance could have charged all these matters in one count only, and that he charged them in separate counts makes no difference.

Appellant filed with the judge several grounds of objections to his charge. He also requested some eleven special charges, all of which were refused, except the one to disregard the second and third counts above mentioned, which was given. In neither requested charge, nor in any way connected therewith, did he give any reason or statement why it should be given. This is essential in even a felony case. (Ryan v. State, 64 Texas Crim. Rep., 628, and many other cases.) Nor did he except or take any bill of exception to the judge's refusal to give his charges, or any of them. Neither did he take any bill of exceptions to the judge's charge, or any portion thereof, nor to the court's failure or refusal, if he did, to modify his charge to meet his objections. All such matters are necessary to be shown now by bills of exceptions; otherwise, they can not be considered by this court in either felony or misdemeanor cases.

It is the well settled law of this State, and has been so since the establishment of this court, "that in misdemeanor cases, the only way this court is authorized to consider complaints of the charge of the court and the refusal of special charges requested, is, by bill of exceptions taken at the time to the charge of the court in the matters attempted to be complained of, and to the refusal of the court to give the special charges requested, giving in the bill therefor the specific reasons why the court erred in giving the charge complained of, or, as the case may be, in refusing the requested charge." Basquez v. State, 56 Texas Crim. Rep., 329, 119 S. W. Rep., 861; Brunk v. State, 60 Texas Crim. Rep., 263; Hobbs v. State, 7 Texas Crim. App., 117; Campbell v. State, 3 Texas Crim. App., 33; Goode v. State, 2 Texas Crim. App., 520; Dunbar v. State, 34 Texas Crim. Rep., 596, 31 S. W. Rep., 401; Downey v. State, 33 Texas Crim. Rep., 380, 26 S. W. Rep., 627, 19 Am. St. Rep., 856; Loyd v. State, 19 Texas Crim. App., 321; Lucio v. State, 35 Texas Crim. Rep., 320, 33 S. W. Rep., 358; Martin

v. State, 32 Texas Crim. Rep., 441, 24 S. W. Rep., 512; Wright v. State, 60 Texas Crim. Rep., 385, 131 S. W. Rep., 1070; Jenkins v. State, 60 Texas Crim. Rep., 465, 132 S. W. Rep., 133; Brown v. State, 73 Texas Crim. Rep., 571. It is useless to cite the large number of recent cases to the same effect. This was so before articles 737, 739 and 743, C. C. P., of the revision of 1911 were amended by the Act of April 5, 1913, page 278. As amended by this Act, this proposition is in effect emphasized. So that none of appellant's special refused charges nor his preliminary objections to the court's charge can be considered. However, we might say we have examined all of his objections and special charges, and if we could consider them, the court's action would present no error.

The court gave a full and correct charge properly submitting every issue raised by the evidence under the indictment.

The positive, uncontradicted testimony by the State clearly established appellant's guilt. He did not testify himself, nor did he introduce any testimony.

Appellant has only two bills of exception in the record. The first, as qualified by the court, is to the effect that fourteen jurors constituted the panel. That in examining all of them, seven, naming them, answered in substance, that while they had sat as jurors in two other cases against another person—not appellant—on a charge similar to the charge in this case, the indictments being the same except against another party and at a different date, they had an opinion as to the character of verdict they should and would render in this case, on similar facts, yet they could disregard any opinion that they had, and would try this case on the facts and evidence adduced on the trial of this case, and the law submitted them by the court. He thereupon challenged the whole panel. The court overruled his challenge. The bill further shows that not a single one of the seven who had so answered sat on this case. There was no error in the court's ruling. (Edgar v. State, 59 Texas Crim. Rep., 252; Engman v. State, 77 Texas Crim. Rep., 595, 180 S. W. Rep., 235; 1 Branch's Ann. P. C., p. 279.)

His other bill presents no error. It shows that the State asked a witness: "What did they pay, how much a glass?" He answered: "Mr. Harris don't sell anything but 5-cent drinks." His objection in substance was, that the State would have to first prove the kind of drink drunk on that occasion.

The judgment is affirmed.                                *Affirmed.*

DAVIDSON, JUDGE.—I can not agree to this affirmance and may write later.

ON REHEARING.

November 1, 1916.

PRENDERGAST, PRESIDING JUDGE.—Appellant presents but two grounds in his motion for rehearing. In the first he urges that the

evidence was insufficient to sustain the verdict. We will here give all of the testimony. It was introduced by the State only. Appellant neither himself testified, nor did he offer any testimony.

Hubb Parker testified: Direct: "I live at McCaulley, Fisher County, Texas. I saw Pat Wilson on or about the 30th day of January, 1916, at Harris' drug store; also I saw Arthur McHone about that time. *The boys were matching money for the cold drinks.* Pat and others walked in Harris' drink stand and matched for the drinks. I never saw them who paid for the drinks. I never saw them pay for them at all, *but the drinks were set out to them."*

Cross: "I don't know what the drinks were that were set out, and I never saw them take any drinks, and I don't know what they drank if they drank at all. And I don't know who paid for it; don't know whether it was paid for or not. All I know is that I saw the boys walk in and put the coins on the table or desk, but I did not see whether it was money or coins or what it was."

Arthur McHone testified: Direct: "I know Pat Wilson, and I was in Harris' drug store about the 30th day of January, 1916. *I matched money with Pat Wilson for the drinks in Harris' drug store on or about that time.* I do not remember which one of us boys got stung, and I do not remember what we drank on that occasion, *but we got the drinks.* I do not know who paid for the drinks; *I suppose the one that got stung paid for them as that is the rule. Mr. Harris don't sell anything but five-cent drinks, and it is a rule that whoever got stung paid for the drinks,* but I don't remember whether that is the way that we did at that time."

Cross: "I don't know whether I matched coins in the Harris drug store with Pat Wilson on or about the 22nd of February, as well as on the 13th of January. I don't know who I matched with on the 22nd of February, as I don't keep any dates, and I don't know what date I matched with Pat Wilson. Don't know whether it was the 30th of January or the 22nd of February. It might have been both times."

Redirect: "I know that I did match with him on or about the 30th of January." Recross: "Yes, it might have been about the 22nd of February." Redirect: "Yes, it was right about January the 30th."

Carl Ellis testified: Direct: "I saw Pat Wilson at Harris' drug store about the 30th of January, but I would not swear to that, for I was out of town part of that month, and I do not know whether it was along about that time; it may have been after that time. I started to moving about the 5th of January and moved all through the month. I don't know that I saw Pat Wilson matching coins at the drug store about that time, but I have seen him matching there, and I would not swear to whether it was money or coins that he was matching for I don't know. They just matched to see who would pay for the drinks. *it was customary for the one that got stung to pay for the drinks,* but I do not know whether Pat got stung or not, and I do not know whether Arthur McHone got stung or not, and I do not know which

one paid for the drinks. *It is customary everywhere like it is here, and every other place in Texas, for the man that gets stung to pay for the drinks. I know it is custom here in Roby, because I have seen them matching."*

We think this testimony was not only sufficient to sustain the verdict, but that from it no other verdict by an honest jury could have been rendered than finding appellant guilty.

The other question he urges is shown by his bill of exceptions passed upon in the last paragraph of the original opinion. It was correctly decided therein. There is no necessity of further stating or discussing it.

The motion is overruled. *Overruled.*

DAVIDSON, JUDGE (dissenting).—I believe this case and causes No. 4155, Silas Glasscock v. State, and No. 4156, Carl Ellis v. State, companion cases, involving the same questions practically, all from the same county, should have been reversed. The majority opinion sets out the four counts in the indictment. It is unnecessary to repeat them. The trial court affirmatively withdrew and instructed the jury not to consider the second and third counts. The first count charged that appellant matched money and coins for money and coins "and other things of value." The fourth count gave a definition of "the things of value" and called them "cold drinks." That the first count was insufficient in not alleging what "the other things of value" were is recognized by the pleader in charging what "the things of value" were in the fourth count. It seems to be a sort of universal rule that the particular thing constituting the offense must be charged, if known, and if not known, that fact must be properly pleaded in the indictment. This was done in the fourth count, not in the first, therefore the first count was not sufficient as to that phase, in the judgment of the writer of the pleading. I am persuaded he was correct in setting out what constituted "the things of value" in the fourth count. The court submitted only the first count. The opinion of the majority proceeds upon the theory that as many counts may be inserted in the indictment as are necessary to meet the environments of the case and the facts. That was done in this case. But that idea does not relieve the court of the duty of charging the law. The court can elect whether the State does or not, and here the court did elect. This selection confined the case to the first count. It is as well settled as a rule can be that the selection of a count in the indictment by the court in his charge to the jury and limiting the jury in their consideration to that count, is an election by the State. Parks v. State, 29 Texas Crim. App., 597. See Branch's Crim. Law, sec. 300, for collation of cases. The rule laid down in the Parks case was this: Where there are several counts in an indictment, and the charge of the court limits the jury in their finding to one count only, it is tantamount to an election by the State to rely upon that count alone, and a verdict in such case finding

the defendant guilty will be held to have reference to the count submitted to the jury. That case has been followed, so far as the writer is aware, in all subsequent decisions. Whatever may be the rule in regard to requiring the State to elect, it is subordinated here to the fact that the election was made and the jury limited in their finding to the count submitted. The jury could not have convicted under the other counts. The jury can only convict on counts submitted and not on counts unsubmitted. A conviction or acquittal thus obtained bars further prosecution on the unsubmitted counts. Branch's Crim. Law, sec. 396; 46 Texas Crim. Rep., 105; 49 Texas Crim. Rep., 38, 118, 435; 44 Texas Crim. Rep., 83; 36 Texas Crim. Rep., 386.

The evidence is conclusive that the defendant did not match money for money or coins for coins. The second and third counts, which the court expressly withdrew, charged, in substance, that the defendant matched money for money or coins for coins. The fourth count was not submitted by the court, and, therefore, withdrawn. It specifically defines what "the thing of value" was for which the matching or wager occurred, towit: "cold drinks." There was no evidence to support the court's charge in submitting the matching of coins for coins or money for money. Every witness swore in regard to it that the matching between defendant and another was for drinks at Harris' drug store. The drink was coca cola. This was not submitted to the jury by the court, therefore could not be the basis of conviction. The evidence does not support the finding of the jury under the first count. There was no matching or betting of money for money or coins for coins. When the court withdrew the second and third counts he eliminated the first, because they were all substantially the same in law. But this would be true even if the other two counts had not been withdrawn, because the evidence not only fails to prove the first count, but emphatically disproves it as well as the second and third counts.

I do not care to elaborate further. I can not agree to the affirmance of the case because unwarranted by the allegations in the pleadings and disproved by the facts. This applies as well to the cases of Silas Glasscock v. State and Carl Ellis v. State, supra.