### JOE DAVIS v. THE STATE.

No. 6936.   Decided May 24, 1922.

Rehearing Denied June 21, 1922.

1.—Gaming—Indictment—Verdict—Practice in Trial Court.

Where, upon trial of going into and remaining in a place where gaming was being conducted, there were two counts in the indictment, complaint of the refusal of the trial court to quash the first count will not be considered in this court in view of the fact that conviction was had under the second count, under Art. 563, Penal Code.

2.—Same—Requested Charges—Practice on Appeal—Bills of Exception.

Where the bills of exception disclosed that the same merely set up the special charges, which were refused, and that the defendant excepted, no reasons being assigned why there was error, etc., the matter cannot be reviewed by this court. Following Giles v. State, 148 S. W. Rep., 320 and other cases.

3.—Same—Bills of Exceptions—Qualifications.

Where the bills of exception taken to the closing argument of State's counsel was so qualified as to present no error, there was no reversible error.

4.—Same—Argument of Counsel—Practice on Appeal.

Where the State's counsel criticised the defendant for not putting upon the witness stand the proprietor of the house in which the gaming was alleged to have been carried on, and said witness was an attendant, there was no reversible error; besides, some of the argument was in reply to the argument of defendant's counsel.

5.—Same—Order of Argument—Agreement by Counsel—Practice on Appeal.

Where the attorneys for both sides had agreed, with the approval of the court, to thirty minutes on each side for argument, and the State had used in opening ten minutes of his argument, when counsel for defendant refused to argue the case, but objected to further argument for the State, there was no error to permit State's consel to consume the time alloted to him for argument.

6.—Same—Sufficiency of the Evidence.

Where, upon trial for the offense of going into and remaining in a place where gaming was being conducted, the evidence sustained the conviction, there was no reversible error.

Appeal from the County Court of Smith.   Tried below before the Honorable D. R. Pendleton.

Appeal from a conviction of gaming; a violation of the gaming law; penalty, a fine of $25.00.

The opinion states the case.

*Wm. H. Hanson,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *Brady P. Gentry,* County Attorney, for Appellant.—On question of argument before jury:—Wilson v. State, 32 S W Rep., 529; Vine v. State, 19 id., 545;

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Smith County of going into and remaining in a place where gaming was being conducted, and his punishment fixed at a fine of $25.

There were two counts in the indictment. Complaint of the refusal of the trial court to quash the first count, will not be considered by us in view of the fact that the conviction was had under the second count. The conviction was for unlawfully going into and remaining in a place where games with cards were, with the knowledge of appellant, being played and bet at, said place being a private residence occupied by a family and commonly resorted to for the purpose of gaming, being the offense defined by Article 563 of our Penal Code.

By his bills of exception Nos. 4 and 5 appellant complains of the refusal of special charges Nos. 2 and 3. Examination of said bills discloses that same merely set out the special charges which were refused, and state that the defendant excepted to the court's refusal to give same. No reasons are assigned in either of said bills why same should have been given, or why there was error in the court's refusal thereof. There were no exceptions taken to the main charge of the court. From Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep. 320, we quote as follows:

"Again, it is the well-established law of this state that in misdemeanor cases the only way this court is authorized to consider complaints of the charge of the court and the refusal of special charges requested is by bill of exceptions taken at the time to the charge of the court on the matters attempted to be complained of, and to the refusal of the court to give the special charges requested, giving in the bill therefor the specific reasons why the court erred in giving the charge complained of, or, as the case may be, in refusing the requested charge. Articles 717, 719, 723, C. C. P. (old); Hobbs v. State, 7 Tex. App., 118; Cambell v. State,.3 Tex. App., 33; Goode v. State, 2 Tex. App., 520; Dunbar v. State, 34 Tex. Cr. R. 596, 31 S. W. 401; Downey v. State, 33 Tex. Cr. R. 380, 26 S. W. 627; Cole v. State, 28 Tex. App., 536, 13 S. W. 859, 19 Am. St. Rep. 856; Loyd v. State, 19 Tex. App., 322; Lucio v. State, 35 Tex. Cr. R. 320, 33 S. W. 358; Martin v. State, 32 Tex. Cr. R. 442, 24 S. W. 512;

Wright v. State, 60 Tex. Cr. R. 386, 131 S. W. 1070; Jenkins v. State, 60 Tex. Cr. R. 467, 132 S. W. 133; Basquez v. State, 56 Tex. Cr. R. 330, 119 S. W. 681. It is unnessary to cite other cases.''

See also Brown v. State, 73 Texas Crim. Rep. 577; Hand v. State, 88 Texas Crim. Rep., 423, 227 S. W. Rep. 199. In the condition in which this matter comes before us no error is presented for our consideration.

Complaint is made of the language of the State's attorney in his closing argument to the jury. The matter is presented here in two bills of exception. As explained in his qualifications to said bills by the trial court, same present no error.

The State criticised appellant for not putting upon the stand the proprietor of the house in which the gaming was alleged to be carried on. It is shown by the record that said party was present at the trial. It is also made to appear that he had been tried and acquitted of any guilty connection with the transaction in question, and that he was thus made a competent witness. In the other of said bills of exception presenting said complaint it is made to appear that the remarks of the State's attorney were in direct reply to those of the appellant's attorney.

After the case was closed on the evidence the attorneys for both sides, with the approval of the court, agreed on thirty minutes as sufficient time in which to argue the case to the jury. Thereupon the assistant county attorney opened for the State in an argument of ten minutes. The attorney for the appellant then announced that he would make no argument but objected to further argument for the State. The latter insisted on its right to the use of the remainder of the time agreed upon, and was allowed to proceed. The bill of exceptions complaining of this matter presents no error. If appellant desired to avail himself of his right to argue the case, after finding out that the State wished to further present its side, he had the right to then consume the time allotted to him for argument, but persisting in his announced declaration that he had no desire to argue the case, he cannot be heard complain that the State was accorded the time for argument agreed upon by all the parties.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 21, 1922.

LATTIMORE JUDGE.—Appellant presents but one ground in his motion for rehearing, same being that the evidence was insufficient to show that the house into which appellant went and where it was alleged that he remained, was in fact shown to be a gambling house

within the definition of that term known to our law. It is insisted that the evidence showed said house to be a private residence occupied by a family, and that there was no testimony showing same to have been commonly resorted to for the purpose of. gaming. We have again carefully examined the testimony and regret that we cannot agree with appellant's contention. On the occasion in question it was shown that when the officers approached said house in the night-time, quilts were tacked over the windows and that when the officers entered there were found within the place thirteen negroes engaged in gaming. It was also shown that some time before this said premises had been raided by the officers and a large number of persons then arrested also engaged in gaming. It was also shown that for a continuous period extending for a long time prior to the raid and arrest in the instant case, large numbers of buggies, automobiles, etc., had been seen continually parked and stationed around said place, and that a great number of people from different sections of the country had been seen going to and from said house. There was nothing in the record to suggest any other reason for their congregation and presence at said save gaming which was shown by positive proof to have been going on on the occasion of the two raids mentioned. It was shown that white men and black men indiscrimately would come to appellant's house, park their cars and buggies near the house and remain there during the entire day and into the night, there being often four or five cars there at the same time as well as buggies and saddled horses. We think the testimony sufficient to justify the jury in concluding that the house in question was commonly resorted to for the purpose of gaming.

The motion for rehearing will be overruled.

*Overruled.*