## PROVIDENCE COUNTY.

STATE *vs.* THOMAS SUTCLIFFE.

A criminal complaint charged the defendant with neglect to provide according to his means for the support of his wife and children. The jury found him guilty in manner and form as charged and further found him not guilty of neglect to provide according to his means for the support of his wife, but guilty of neglect to provide according to his means for the support of his children.

*Held*, that the special findings were unnecessary but not inconsistent with the general finding, and that the verdict was valid.

The defendant offered testimony that the children were with the wife who refused to allow him the custody of them, and who was, on account of her misconduct, an improper custodian of the children. Hence he claimed to be under no legal obligation for their support.

*Held*, that the evidence was properly excluded.

DEFENDANT'S petition for a new trial.

*November* 12, 1892. ·PER CURIAM. The complaint charges, with proper technical averments of time and place, that the defendant did neglect to provide according to his means for the support of his wife and children. The jury returned a verdict in the following form: "The jury find that the defendant is guilty in the manner and form as charged in said complaint. And the jury further find that the defendant is not guilty of neglect to provide according to his means for the support of his said wife; but is guilty of neglect to provide according to his means for the support of his said children."

The defendant contends that the verdict is inconsistent with itself, in that, it finds the defendant guilty as charged in the complaint, that is, of not providing according to his

means for the support of his *wife and children*, and at the same time finds him not guilty of neglect to provide according to his means for the support of his wife. He insists that the jury in effect found the defendant guilty as charged and at the same time not guilty as charged, and, consequently, that the verdict is a nullity.

The defendant's criticism of the verdict does not seem to us well founded. It is a familiar rule of criminal pleading that when a statute makes it an offence to do, or to neglect to do, this or that, using the disjunctive, the complaint may charge conjunctively that the defendant did, or neglected to do, this and that, as the case may be, in a single count. And it is, also, a familiar rule that if the jury find the defendant guilty of either of the matters charged in the complaint, they may return a general verdict of guilty in manner and form as charged in the complaint. This being so, it was competent for the jury to return a general verdict that the defendant was guilty in manner and form as charged in the complaint, if they found that he was guilty of neglect to provide according to his means, either for the support of his wife, or for the support of his children. They found that he was not guilty of the former, but was guilty of the latter, and they, accordingly, returned a verdict of guilty as charged; they might have stopped with that finding, but apparently for the purpose of explaining their general finding they went on to state the ground on which they returned it, to wit, that he was guilty of not providing according to his means for the support of his children, though not guilty of neglect to provide according to his means for the support of his wife. These special findings were unnecessary, but they are not inconsistent with the general finding and do not vitiate the verdict.

The defendant adduced testimony that he was willing to support his children, if he could have the custody of them, and had offered to do so, but claimed that he was under no legal obligation for their support because they were living with his wife, who would not allow him the custody of them, and in this connection, he offered to show the alleged miscon-

duct of his wife as bearing on the reasonableness of his having the custody of the children; but the court ruled that the testimony was immaterial and inadmissible and excluded it, holding that the mere offer of the defendant to support his children did not relieve him from liability for their support, even if they were improperly detained from him by the wife; since if he had desired he could have obtained the custody of the children, if entitled to it, by appropriate legal proceedings. We find no error in this ruling.

Exceptions overruled and case remitted to the Court of Common Pleas for sentence.

*Albert A. Baker*, Assistant City Solicitor of the city of Providence, for the State.

*Dexter B. Potter*, for defendant.