### C. H. WRIGHT v. THE STATE.

No. 754. Decided November 2, 1910.

Rehearing Denied November 30, 1910.

**1.—Theft—Charge of Court—Misdemeanor—Practice on Appeal.**

In order to entitle appellant to a review of the court's charge in a misdemeanor, he must request a special charge, and except to the court's charge.

**2.—Same—Argument of Counsel—Request to Withdraw Argument Necessary.**

Where, upon trial of theft, the record showed on appeal that the defendant's counsel had made some comment upon the failure of the State to connect the defendant with all the cotton sold by him, and that the argument of State's counsel in response thereto called the attention of the jury to the fact that his inability to do so was due to objection of counsel by the defendant; and there was no request to withdraw the argument of State's counsel from the jury, there was no reversible error. Besides it was not likely that the argument could have affected the jury.

**3.—Same—Sufficiency of the Evidence.**

Where upon trial of theft the evidence was sufficient to sustain the verdict of guilty, the conviction will not be disturbed.

Appeal from the County Court of Howard. Tried below before the Hon. M. H. Morrison.

Appeal from a conviction of theft under the value of $50; penalty, a fine of $25 and ninety days confinement in the county jail.

The substance of the State's testimony was that the owner of the alleged stolen cotton missed some of his seed cotton which he had left in a pile in his field; that he noticed wagon and man's tracks just outside of his said field the day he missed the cotton, and also similar tracks near where defendant lived, and also noticed signs of where a sack, or something like a sack, had been dragged on the ground where he saw these wagon and footprints; that these tracks indicated that the person taking the cotton had made two trips going to and returning from the said pile of cotton, and that the footprints were about such as the shoes which defendant wore would make; that defendant raised no cotton, but was a cotton picker; that he sold several hundred pounds of seed cotton to a ginner early in the morning on the day the alleged stolen cotton was missed in the field, and that the alleged theft occurred the night before, etc.

The opinion states the case.

*J. S. Crumpton* and *S. H. Morrison,* for appellant.—On the question that the evidence failed to prove a taking: Barell v. State, 5 Texas Crim. App., 113; Herber v. State, 7 Texas, 70; Garcia v. State, 26 Texas, 210.

On the question of the insufficiency of the evidence: Roy v. State, 34 Texas Crim. Rep., 301, 30 S. W. Rep., 666; Doss v. State, 28 Texas Crim. App., 506, 13 S. W. Rep., 788; Smith v. State, 44 Texas Crim. Rep., 81, 68 S. W. Rep., 510; Harrison v. State, 16 S. W. Rep., 325; Watson v. State, 82 S. W. Rep., 514.

On question of argument of counsel: Miles v. State, 65 S. W. Rep., 912.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Howard County on the 9th day of April of this year on a charge of theft of property of the value of less than fifty dollars, and his punishment assessed at confinement in the county jail for ninety days, and a fine of $25.

1. The charge of the court was not excepted to. There was one special charge requested by counsel for appellant, but the failure of the court to give this was not excepted to. It is indispensable that this should be done in order to entitle appellant to a review of these matters in this court.

2. The only exception we find in the record relates to the argument of Mr. James T. Brooks, county attorney of Howard County,

who, in his closing argument to the jury, among other things, as the bill recites, made the following statement: "Who put all the testimony on in this case? They said we did. That is a fact. That is a fact. They said there was about eight hundred pounds of cotton that had to be accounted for; that eight hundred pounds had to be accounted for. O, do you remember, do you remember that we tried to account for it and they objected? O, light, give us light; what they want is light." These remarks were excepted to as highly prejudicial to defendant, and particularly so since a very material issue in the case was that of the identity of the cotton the State showed had been sold by the defendant to the Electric Light Gin on the morning of November 26, 1909, or part thereof as that claimed to have been taken from witness, S. H. Gann, and the excuse so given by said counsel in his speech to the jury as to why the State did not so identify it by accounting for the six hundred or seven hundred pounds more than the testimony of the State showed had been missed by said Gann, and the manner of said appeal to the jurors was calculated to lead them into the belief that they ought to consider the probability of a taking by defendant of other than the Gann cotton and without the consent of its owner, and that the State had been unfairly dealt with in the matter of not being allowed to introduce the testimony of the witness Todd that he missed some cotton about the time Gann claimed to have missed his, notwithstanding the fact that the court had excluded Todd's testimony because he said he did not miss his cotton until three or four days after the date of Gann's loss, and the said excuse and the manner of said appeal doubtless did lead the jury to consider said matters and construe them thus wrongfully against defendant, though the court in his charge directed the jury not to consider the taking of other cotton than that alleged to have been taken from the witness Gann. In this connection it should be stated that the amount of cotton charged to have been taken from the possession of Gann was 150 pounds. It was shown in the proof that some other persons in the neighborhood had missed cotton about the same time, and that appellant had sold to the gin very early in the morning several hundred pounds of cotton, and further, that he had not raised any cotton that year, and some other circumstances tending to show his criminal connection with the cotton sold. The taking of the other cotton than that charged to have been stolen from Gann was excluded by the court and the jury were instructed in the charge not to regard same for any purpose. Now, we gather from the bill taken together that some comment had been made by counsel for appellant upon the failure of the State to connect appellant with all the cotton sold by him, and that the argument of the county attorney was but calling the attention of the jury to the fact that his inability and failure to do so was due to objection of counsel for appellant. We think, under all the circum-

stances, and especially in view of the court's charge, that the taking of the other cotton was not to be regarded or considered by them, and that it was most unlikely that this argument of the State's counsel could improperly have affected the jury. Again, the court was not requested to instruct the jury that the remarks of the county attorney were not to be considered, or that they were to disregard same. Considering the matter altogether we are clear that as presented it is not such an improper argument as ought to compel a reversal of the judgment of conviction.

3. We have carefully examined the statement of facts and can not agree with the learned counsel that it is insufficient to sustain the verdict. On the contrary, we think, considered altogether, the State has made out a very strong case.

Finding no error in the judgment of the court below it is therefore ordered that the same be and it is hereby in all things affirmed.

*Affirmed.*