HENRY WOMACK v. THE STATE.

No. 3234.  Decided October 14, 1914.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained the conviction, there was no error.

**2.—Same—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions, the overruling of the motion for continuance can not be considered on appeal.

**3.—Same—Evidence—Declarations of Defendant.**

Where a State's witness had demanded of defendant an explanation of the presence of blood on his shirt, there was no error in admitting in evidence as a part of this transaction that the defendant said he had something to tell the witness, but would not do so because she was common on the town and of bad repute; besides, the bill of exceptions was defective.

**4.—Same—Bill of Exceptions.**

Where the bill of exceptions is made up of defendant's objections to the introduction of testimony, which were mere objections, and not statements of fact and were not approved by the court, the same can not be considered on appeal. Following Best v. State, 72 Texas Crim. Rep., 201.

**5.—Same—Charge of Court—Objections.**

Where the defendant did not make any objections to the court's charge before it was read to the jury, or requested special charges before the same

was read to the jury, and there was no bill of exceptions to the refusal of the court to give alleged requested charges, they can not be considered on appeal.

### 6.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of murder, the conviction rested partly on the confessions of the defendant and partly on circumstantial evidence, there was no error in the court's failure to charge on circumstantial evidence.

### 7.—Same—Rule Stated.

It is only when the evidence is purely and wholly circumstantial that the court is authorized or required to charge on circumstantial evidence.

### 8.—Same—Accomplice Testimony—Charge of Court.

Where, upon trial of murder, it was not shown by the evidence that the State's witness who testified to the confessions of the defendant to witness was an accomplice or an accessory, there was no error in the court's failure to charge on accomplice testimony. Following Hargrove v. State, 63 Texas Crim. Rep., 143, and other cases.

### 9.—Same—Alibi—Charge of Court.

Where, upon trial of murder, the court's charge in every way met the question of alibi, no other charge on that subject was required or would have been proper.

### 10.—Same—Misconduct of Jury—Presumption.

Where the court below heard evidence on defendant's ground of complaint that one of the jurors in the presence of the other gave testimony to them which was not introduced in evidence upon the trial, and overruled the motion, it must be presumed, in the absence of a statement of facts of such evidence upon said motion, that the court correctly overruled the same.

### 11.—Same—Rule Stated—Statement of Facts.

It is just as essential that the lower court shall pass upon and approve the statement of facts of the testimony introduced upon motion for new trial on account of the misconduct of the juror, as it is that he shall do so as to the statement of facts on the trial of the case.

Appeal from the District Court of Navarro. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*Jack & Jack,* for appellant.—On question of court's failure to charge on accomplice testimony: Davis v. State, 3 Texas Crim. App., 91; Blakely v. State, 24 id., 616; Humphries v. State, 40 Texas Crim. Rep., 59; Polk v. State, 60 Texas Crim. Rep., 150, 131 S. W. Rep., 580.

*C. E. Lane,* Assistant Attorney General, and *James Kimbell,* district attorney, for the State.—On question of accomplice: Noftsinger v. State, 7 Texas Crim. App., 301; Branch Crim. Law, secs. 390 and 685.

On question of court's failure to charge on circumstantial evidence: Wampler v. State, 28 Texas Crim. App., 352; Branch Crim. Law, sec. 303.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and his punishment assessed at twelve years in the penitentiary: The evidence is amply sufficient to sustain the conviction. Appellant complains that the court erred in overruling his motion for a continuance. This is not raised nor presented by a bill of exceptions. The question, therefore, can not be considered. See some of the cases cited in Branch's Crim. Law, sec. 260, subdivision 3.

After the proper heading of the style of the case, etc., by one of appellant's bills he shows that the court permitted Mattie Robinson, one of the State's witnesses, to testify "that the defendant told her the evening after the alleged killing and the next evening after the festival at Dick Turner's, at her house in Corsicana, Texas, that he had something to tell her but he would not tell her because she was common on the town and was of bad repute." The balance of the bill is made up of appellant's objections to the introduction of this testimony which were mere objections and not statements of fact and not approved as such by the court. This bill is wholly insufficient to authorize this court to consider it. Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 997, and authorities there cited. From the bill it is impossible to tell whether such testimony was admissible or not. If we could go to the record we would find that it was shown thereby that appellant and others were at said witness' house the next day after the killing the preceding night; that he had blood on his shirt and that he told another witness at said house that he had killed the deceased the night before and how he had killed him, where the body was and the particulars thereof and that the blood on him was gotten on him from the dead man at the time he killed him; that he applied to this witness for a shirt to put on and that witness furnished him one of his shirts which he put on at said house. It was at this time that said witness, Mattie Robinson, demanded of appellant an explanation of the presence of the blood on his shirt and then it was he told her what she testified. So that, even if we could consider the bill, the evidence objected to was admissible.

Appellant next contends that the court should have charged that one of the most material witnesses, Dock Palmer, was an accomplice, and erred in refusing to give his charges on that subject. As to this the record does not show that appellant made any such objection to the court's charge before it was read to the jury, nor that he requested either of his special charges before the charge was read to the jury. We find in the record a filed paper with the style and number of the cause, which says, "Now comes the defendant and points out his objections to the court's charge as now submitted to him." Reading, the charge is insufficient and does not charge the whole law of the case, first, because there is no charge on circumstantial evidence; second, because it does not charge accomplice's testimony. The evidence shows that the State's witness is an accessory or accomplice and such charge is called for; third, the fifth paragraph is not sufficient on the law of alibi. This is not signed by anyone, and in no way shows to have

been presented to the court for its action at any time. There are several special charges also copied in the record at the bottom of which is, "Refused, H. P. Daviss, District Judge." There is no bill of exceptions to the refusal of the court to give these charges or any of them, nor does the record in any way show when they were presented to the judge for his action. The State objects to this court considering any of these matters because they are not properly raised, nor presented. We think the State's contention is correct. However, if we could consider these questions, no error was committed by the trial judge.

It is only when the evidence is purely and wholly circumstantial that the court is authorized, or required to charge on circumstantial evidence. See subdivision 2, sec. 813 of Judge White's Ann. C. C. P. In his subdivision 4 of the same section, he says, that where, in addition to proof of circumstances, the State has introduced proof of defendant's admissions, the case is not one of circumstantial evidence and the court is not required to charge thereon. Under each of these subdivisions Judge White cites many of the cases. Both propositions are too well settled to make it necessary to collate or cite the other cases. In this case there was strong circumstantial evidence tending to show that appellant did the killing, but, in addition thereto, said witness Palmer testified to a full admission by appellant that he killed the deceased and the details of the crime.

We have carefully read and studied the evidence in this case and in our opinion none of it shows or tends to show that said Palmer was either an accomplice or an accessory. Appellant himself claims it in his brief on this testimony of the witness, which we copy from his brief: "I had a conversation with Henry Womack before the killing. He said Isaah Tolbert had pretty good money and if we could get him out gambling we could get a pretty good stake, and he said I am going to have it if I have to kill him. He asked me if I had ever thought anything about getting Isaah out to gamble with him, and I said no, and he said let's figure some way to get him out. Babe got a pistol out before we left and Henry called for it and she gave it to him; that was my gun. I had a conversation on that Sunday with Henry at Robert's house. Henry said, 'I take you for a friend; I got him'; he said, 'Here is where I got this blood at, have you got any clothes here?' and I said yes; he said, 'Get me a shirt to put on.' I give him a shirt and he put it on. At Mr. Tucker's Henry said he would run off if it was not for his family; said if you tell them, I will kill you; I told him I would not tell it. I knew Isaah had money; I heard Mr. Weaver tell Henry he was not putting it in the bank. I had my gun when I borrowed the dollar; I saw Isaah's money: I agreed to keep this a secret; I told him I would not tell it. Mr. Weaver asked me if I knew where he (Isaah) was; I told him no; Henry asked me if anything had gotten out and I told him everything was quiet; I did not give it up and tell anything until I was arrested. I was arrested and kept in jail six weeks and four days. I talked with the officers and told them about

what Henry told me. They let me out of jail and I never have been prosecuted for anything." And on the fact that it was shown that when the body of the deceased was first found, said witness, as well as others, was arrested, placed in jail and complaints made against all of them for the murder. The record also shows that as soon as the facts of the case were investigated, the prosecution against this witness was dismissed, he released from custody, the grand jury investigated the case and refused to indict him. Margrove v. State, 63 Texas Crim. Rep., 143; Jones v. State, 163 S. W. Rep., 75; Minter v. State, 70 Texas Crim. Rep., 634, 159 S. W. Rep., 286; Burge v. State, 73 Texas Crim. Rep., 505, 167 S. W. Rep., 63, and the authorities cited in these cases. See also the cases collated in Branch's Crim. Law, sec. 319, subd. 5, on p. 180, and sec. 686.

In addition to the court's charge that appellant was presumed to be innocent, unless his guilt is established by legal evidence, beyond a reasonable doubt, and to give him the benefit of such doubt and acquit him if they had such doubt, he also charged that the burden of proof was on the State to show, beyond a reasonable doubt, that appellant was present at the time and place where deceased was killed, if he was killed, and if the jury had a reasonable doubt as to whether he was present at the time and place when and where deceased was killed, if he was, to find him not guilty. Again, he charged them that before they could convict appellant, they must believe, beyond a reasonable doubt, that he killed deceased and must further find, beyond a reasonable doubt, that no other person killed him and if they had a reasonable doubt whether appellant or some other person killed deceased, to acquit him. In addition to this, the court, in a clear charge, required the jury to believe beyond a reasonable doubt, that appellant killed the deceased under such circumstances as to make him guilty of murder before they could convict him. This in every way met the question of alibi and no other charge on that subject was required or would have been proper. Branch's Crim. Law, sec. 32.

The only other question necessary to be decided is one ground of appellant's motion for new trial, claiming that one of the jurors in the presence of the others gave testimony to them, which was not introduced on the trial of the case and while they were deliberating. The record clearly shows that the court heard evidence on this question and after hearing it overruled the motion. We must assume that the court did so in accordance with the evidence heard and that his action was supported by the evidence. Appellant does not present the question by bill of exceptions, nor does he show by any statement of facts what the testimony was which the court heard on his motion. There is filed with the court papers a statement by the official stenographer, purporting to give this evidence, but this is in no way agreed to by the attorneys for either side, nor is it in any way acted upon or approved by the court. Hence, it can not be considered for any purpose. It is just as essential that the court shall pass upon and approve such state-

ment of facts as it is that he shall do so as to the statement of facts on the trial of the case.

No error is pointed out which would authorize or justify the court to reverse the case and it is, therefore, affirmed.

*Affirmed.*