H. D. BLACK v. THE STATE.

No. 6439.   Decided November 2, 1921.

1.—Aggravated Assault—Information—Complaint.

Where the complaint was filed February 2, 1921, and the information under the aforesaid complaint bore a file mark of March 2, 1921, and nothing appeared of record as to the duration of the term of the County Court, the contention that the information was not filed at the next term of court cannot be considered.

2.—Same—Disqualification of County Judge—Practice in Trial Court—Bill of Exceptions.

Where defendant filed a motion to disqualify the trial judge on the ground of prejudice, and it appeared from the record that no evidence was offered to substantiate this claim, and a specific denial of the judge appeared, and the matter was so accepted by the defendant the same cannot be reviewed on appeal.

3.—Same—Charge of Court—Written Objection—Practice on Appeal.

Where no written objections were filed at the time the charge was submitted, in the case of misdemeanor, the same cannot be considered. Following Basquez v. State, 56 Texas Crim. Rep., 330, and other cases.

4.—Same—Requested Charges—Practice in Trial Court—Practice on Appeal.

Where the requested charges were submitted to the trial judge at the time he prepared his general charge, and were not embraced in their entirety

in the charge of the court, and there were no written exceptions at the time the charge was given, objections on that account cannot be considered on appeal.

Appeal from the County Court of Howard. Tried below before the Honorable James T. Brooks.

Appeal from a conviction of aggravated assault; penalty, a fine of $100, and sixty days confinment in the county jail.

The opinion states the case.

*J. G. Cunningham,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of an aggravated assault upon one Dewey Martin, and his punishment assessed at sixty days confinement in the county jail, and a fine of $100.

Prosecution was had on complaint and information. Appellant contends that the information was not filed at the next term of court after complaint was made and arrest had, and that under Article 642, Vernon's C. C. P. this prosecution should be dismissed.

The complaint was filed on February 2, 1921. On February 6 appellant gave bond obligating himself to appear before the County Court on the next day, February 7, and from day to day and term to term thereafter. The information on the aforesaid complaint bears file mark of March 2, 1921. By articles 1776 and 1777 Vernon's Civil Statutes, the Commissioners Court of the various counties may fix the terms of the County Courts in their respective counties. Nothing appears from the record in this case whereby we are informed of the date of convening, or duration of the terms of the County Court in Howard County. It is impossible for us to know when the February term of the County Court of Howard County convened; or whether it was still in session on March 2, when the information was filed, hence we are unable to give this complaint consideration.

Appellant filed a motion seeking to disqualify the trial judge on the ground of prejudice. It appears from the judge's explanation of the bill bringing forward this matter that no evidence was offered to substantiate the charge alleged in the motion, and a specific denial by the judge in his qualifications as to the correctness of certain things set up therein. The bill having been accepted and filed with the qualifications attached, appellant is bound thereby, and as the same appears in the record no error is shown.

Complaint is urged that certain omissions in the charge of the court, and portions of the charge given were erroneous. No written objections were filed to the charge at the time. Under this state of the record we can not review these assignments.

It is the well-established law of this state that in misdemeanor cases the only way this court is authorized to consider complaints of

the charge of the court and the refusal of special charges requested is by bill of exceptions taken at the time to the charge of the court in the matters attempted to be complained of, and to the refusal of the court to give the special charges requested, giving in the bill therefor the specific reasons why the court erred in giving the charge complained of, or, as the case may be, in refusing the requested charge.   Articles 717, 719, 723, C. C. P. (old); Hobbs v. State, 7 Tex. App., 118; Campbell v. State, 3 Tex. App., 33; Goode v. State, 2 Tex. App., 520; Dunbar v. State, 34 Tex. Crim. Rep., 596, 31 S. W. 401; Downey v. State, 33 Tex. Crim. Rep., 380, 26 S. W. 627; Cole v. State, 28 Tex. App., 536, 13 S. W. 859; 19 Am. St. Rep., 856; Loyd v. State, 19 Texas. App. 322; Lucio v. State, 35 Tex. Crim. Rep., 320, 33 S. W. 358; Martin v. State, 32 Tex. Crim. Rep., 442, 24 S. W. 512; Wright v. State, 60 Tex. Crim. Rep., 386, 131 S. W. 1070; Jenkins v. State, 60 Tex. Crim. Rep., 467, 132 S. W. 133; Basquez v. State, 56 Tex. Crim. Rep., 330, 119 S. W. 861.   It is unnecessary to cite other cases.

It appears from the record that before the trial judge prepared his charge appellant's counsel had prepared and submitted to the court three special charges, which were handed to the judge and taken by him to his room.   Appellant requested the court to submit the three special charges, but they are not embraced in their entirety in the charge of the court.   Appellant now brings forward in the record bills of exceptions setting out the three special charges requested by him, and seeks to have the court review the failure of the trial judge to embrace the special charges aforesaid.   Each of the three bills of exceptions presenting this matter begin as follows:   "Be it known that on the trial of this case, that before the general charge was submitted to the jury that defendant, through his counsel, excepted thereto, because the following charge was not embraced in the general charge of the court;" and then proceeded to set out the special charge in full as a completion of the bill of exceptions.   As before said by us, the qualifications to all these bills, which is also borne out by the record, shows affirmatively that no written exceptions to the court's charge for any omissions were presented at the time of the trial.   Under this state of the record, following the rule announced in the cases heretofore cited, we would not be authorized to consider these bills.   The gist of the matters requested in the bills were given in the charge by the court, following, as we gather from the record, appellant's theory of self-defense, and the jury determined that issue against him.

Finding no error in the record presented in such a way as would authorize us to consider the same, the judgment of the trial court is ordered affirmed.

*Affirmed.*