## Will Sharp v. The State.

No. 7356.   Decided January 24, 1923.

Rehearing denied February 28, 1923.

**1.—Gaming—Remaining in Gaming House—Requested Charges.**

In a misdemeanor case in order to secure review of the action of the lower court in refusing requested charges, the record must show the fact that due exceptions were taken at the time to the charge of court as given. Following Boatenhaimer v. State, 84 Texas Crim. Rep., 211.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of remaining in a gaming house where gambling was conducted, the evidence sustained the conviction there was no reversible error.

**3.—Same—Statutes Construed—Charge of Court.**

It is not necessary for the proof to show that the House in question was a public gambling house; it is only necessary when the gambling takes place in a private residence occupied by a family that it must be alleged and proved that it is one commonly resorted to for the purpose of gaming, and under the evidence and charge of the court the conviction is sustained.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of entering and remaining in a house where gaming was being conducted; penalty, a fine of $25.

The opinion states the case.

*Fred K. Spurlock,* and *Mathis & Caldwell,* for appellant.—On question of insufficiency of the evidence: Walters v. State, 125 S. W. Rep., 11; Pythian v. State, 237 id., 559.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at law of Wichita County of the offense of entering and remaining in a house where gaming was being conducted, and his punishment fixed at a fine of $25.

There was no exception taken to the charge of the trial court. Appellant presented a number of special charges suggesting the presentation of defensive theories in a manner different from their presentation in the main charge which were refused, which action is made the subject of bills of exception. This court held in Black v. State, 90 Texas Crim. Rep., 218, 234 S. W. Rep., 397, that in a misdemeanor case, in order to secure review of the action of the lower court in refusing special corrective charges, the record must reflect the fact that there were exceptions taken to the charge of. the court as given. See Boatenhaimer v. State, 84 Texas Crim. Rep., 211. We see no reason to doubt the correctness of the ruling set forth in the opinion in said case.

The sufficiency of the testimony to show that the place at which the alleged gambling was being conducted, was not a private residence, is raised in the motion for new trial. There was testimony both ways upon the trial and this issue was affirmatively presented in the charge of the court and settled against appellant by the verdict of the jury.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

### February 28, 1923.

LATTIMORE, JUDGE.—We have reviewed the record in the light of appellant's motion for rehearing but see no good reason for overturning the decisions of this court heretofore rendered holding that in misdemeanor ·cases unless the general charge given was excepted to, this court will not consider the refusal of special charges asked.

The .indictment charged appellant with going into and remaining in a room where a game was then and there being played with cards, on which money was then and there being bet and wagered, said place not being then and there a private residence occupied by a family. The trial court instructed the jury that unless they believed beyond a reasonable doubt that the room in which the gambling was going on at the time appellant was found in said room, was not a private residence occupied by a family, they should find him not guilty. The court specifically informed the jury also that if they had any reasonable doubt as to whether appellant was "sweating the·game" in said room at the time, they should find him not guilty.

Appellant contends that the evidence was not sufficient in that it is not shown that the place was one commonly used for gambling. Article 563 of our Penal Code prohibits any person from going into and remaining in any place where any of the games prohibited by our

laws are, within his knowledge, being played. It is not necessary as we understand the law for the proof to show that the house in question was a public gambling house. It is only when the character of gaming alleged is with cards and the place a private residence occupied by a family, that there must be the further allegation that it is one commonly resorted to for the purpose of gaming. A private residence occupied by a family can become a gaming house when it is commonly resorted to for the purpose of gaming, and it thus loses its protective character as such private residence. Under Article 563, supra, if one having entered a room which is not a private residence occupied by a family, and there finds a game of cards in progress at which money is being bet and wagered, and he remains in said room, he is guilty of an offense and punishable under said article. The proof in this case showed beyond question that in the room in which appellant was found by the officers at the time of their raid, a game with cards was in progress upon which money was being bet. The charge of the court amply protected appellant's rights when it informed the jury that if they believed the place to be a private residence occupied by a family, they should acquit him, or if they had a reasonable doubt of such fact they should find him not guilty.

The motion for rehearing will be overruled.

*Overruled.*