WILL THOMAS v. THE STATE.

No. 7796.    Decided June 13, 1923.

Rehearing denied December 5, 1923.

1.—Child Desertion—Requested Charges.

Where no objection is made to the charge in misdemeanor cases, error in the refusal of requested charges cannot be considered.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of wilful desertion of minor children under the age of sixteen, the evidence is sufficient to sustain the conviction, there is no reversible error. That the children were with the divorced mother is no defense.

3.—Same—Rehearing—Misdemeanor—Requested Charges—Exceptions.

In a misdemeanor case, exceptions must be presented to the judge of the court below, and must appear in the record in order to demand at the hands of this court consideration of the requested charges presented by the appellant. Following Sharp v. State, 247 S. W. Rep., 1096.

Appeal from the County Court of Comanche. Tried below before the Honorable F. J. Reese.

Appeal from a conviction of child desertion; penalty, a fine of $100. The opinion states the case.

*Callaway & Callaway*, for appellant. On insufficiency of the Evidence, Mercado v. State, 218 S. W., 491; Perry v. State, 220 id., 549.

*R. G. Storey*, Assistant Attorney General, for the State. Cited, cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Comanche County of the wilful desertion of his minor children under the age of sixteen years, and his punishment fixed at a fine of $100.

The charge of the learned trial judge was not excepted to. Five special charges were requested and the refusal of said charges is made the subject of the only bills of exception found in the record. In Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W. Rep., 1110, Womack v. State, 74 Texas Crim. Rep., 640, 170 S. W. Rep., 139, and Black v. State, 90 Texas Crim. Rep., 215, 234 S. W. Rep., 397, this court announced that where no objection was made to the charge on the ground of omission or commission, in misdemeanor cases, error in the refusal of special charges requested by appellant would not be considered. In this condition of the record and under the authorities we can not consider the complaint herein of the refusal of said special charges.

We are unable to agree with the complaint directed at the sufficiency of the testimony. Appellant is a man forty-six years of age and in good health and shown to have made good crops. A conversation was in evidence between him, the county attorney and a party interested in the welfare of said children in which it is made to appear that appellant said that he would not help said children in any way and that he would rot before he would contribute to their support. He admits in his testimony that since a date named which was anterior to that charged he has refused to aid them. He attributes his refusal to inability. The jury seem to have attributed it to unwillingness. The fact that appellant and his wife were divorced and that the minor children in question had been awarded to her, would not seem to be a good defense to the charge against him. That said children were in destitute and necessitous circumstances is without question. The granting of a divorce to either spouse, whether as the result of any agreement or at the end of a contest, would not seem sufficient to justify the refusal of either parent who was able so to do, in contributing his or her part to the support of the children. The rights of helpless children, who had nothing to do with coming into the world, and who are entitled to

look to those who are responsible for their birth, for support, cannot be changed nor defeated by the result of a divorce proceeding between the man and the woman who brought them into the world and who may move the custody of such children from one to the other at their pleasure. Society is interested in the wellbeing, care and support of its future citizens. Those who are the authors of their being must meet the burden of their support or take the consequences accorded to such action by our lawmakers.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

December 5, 1923.

LATTIMORE, JUDGE.—The rule laid down by this court in Black v. State, 234 S. W. Rep., 397, to the effect that in a misdemeanor case exceptions must be presented to the judge of the court below and must appear in the record in order to demand at the hands of this court consideration of special charges presented by the appellant, was reaffirmed in Sharp v. State, 93 Texas Crim. Rep., 542. This is the only question appearing in the motion for rehearing. Believing the original decision upon this point correct and settled by the authorities, the motion for rehearing will be overruled.

*Overruled.*