STATE v. U. G. LEWIS.[1]

November 30, 1923.

No. 23,616.

Conviction sustained.
1. Evidence examined and *held* to sustain a conviction for the crime of desertion of a minor child.

Refusal of offer to prove admitted fact.
2. Where documentary evidence is offered to prove a fact admitted, the rejection of the offer is not error.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of abandonment of his minor child, tried in the district court for that county before Bardwell, J., who at the close of the testimony denied defendant's motion to dismiss the ac-

[1]Reported in 195 N. W. 901.

tion, and a jury which found defendant guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Ernest Malberg* and *Thomas Kneeland*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Floyd B. Olson*, County Attorney, for respondent.

STONE, J.

Defendant appeals from the denial of his motion for new trial after conviction of the crime of desertion of his minor child, a boy 12 years old. He contends that his conviction was not justified by the proof and that there was error in excluding certain evidence. We have examined the record with respect to both contentions and cannot sustain either of them.

It is true that the statute, for a violation of which appellant was indicted and convicted, section 8666, G. S. 1913, as amended by chapter 213, p. 308, Laws 1917, makes "intent wholly to abandon" an essential element of the crime, but here the evidence well supports the conclusion of intentional and final abandonment. The abandonment is charged to have taken place on or about April 1, 1922. Three weeks before, on March 7, appellant had procured a decree of divorce from his first wife. There were seven children, three of whom, including the minor son in question, were still at home with the mother. The provisions of the decree concerning property adjustments and allowance by way of alimony were the result of an agreement between appellant and his former wife. He was bound thereby to pay her $75 per month until May 1, 1922, and $60 per month thereafter until the son became 18 years of age.

Although the divorce was procured on March 7 and there could be no valid remarriage in this state until the expiration of six months (section 7090, G. S. 1913), appellant proceeded to Iowa and there remarried on March 31, 1922.

The all too expeditious second marriage did not dissolve the preexisting obligations of defendant to his minor children. If the selfimposed duties of his second matrimonial venture made it difficult

for defendant to perform those of his fatherhood, he has only himself to blame.   The law is too solicitous of the welfare of children to excuse, on such grounds, a father's complete default in their support.

No purpose would be served by stating the evidence concerning the succeeding events.   Suffice it to say there was proof that plaintiff wholly neglected his obligations to his minor son—those of his fatherhood as well as those created by the divorce decree.   The children of his first marriage were left to shift for themselves, except for their mother's care and support.   Neither on the question of intent nor for any other reason are we at liberty to interfere with the resulting verdict of guilty.

The findings of fact, conclusions of law and order for judgment in the divorce case were offered in evidence on behalf of defendant and were excluded.   They could have had no other purpose than to show the duty of defendant to his children.   If admitted, they would not have proven the fact to be other than was conceded in open court by the county attorney.   He admitted that the decree "did not disturb the status quo of the children; they were then in the care and custody of the mother and the court saw fit to leave them there."   No point is made of the fact that the order for judgment rather than the decree itself was offered.   Concerning the one fact to which the offered evidence was directed, there was no question.   Hence the rejection of the offer was proper.   It it were otherwise, it would be error without prejudice.

Order affirmed.