Santiago Martinez· v. The State.

No. 9048.    Delivered April 15, 1925.

**1.—Rape—Argument of Counsel—Not Reversible Error.**

While the bill of exception complaining of the argument of the District attorney does not clearly show that it should be considered, the argument complained of in view of the infliction of the minimum punishment, and the conclusive character of the evidence, would not warrant a reversal of the case.

**2.—Same—Evidence—Not Objected to—Not Considered.**

Appellant presents a bill of exception complaining of the admission of testimony introduced by the state of a physical examination of defendant while in jail, and also discloses that defendant did not object to such examination. The bill presents no error.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of rape; penalty, five years in the penitentiary.

The opinion states the case.

*Frank R. Graves,* and *Sam S. Been,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the criminal district court of Tarrant County of the offense of statutory rape and his punishment assessed at confinement in the penitentiary for a term of five years.

The prosecutrix was a nine-year old Spanish girl, and her testimony makes a very strong case of statutory rape. She is amply corroborated by both medical and non-expert testimony. Under cross-examination by appellant's counsel the witness' testified to various acts of intercourse between her and appellant. The State also introduced appellant's confession, in which he admits his illicit relations with prosecutrix twice on Sunday, September 17, 1922. On the trial appellant denied his guilt and by his own testimony and that of his witnesses sought to prove an alibi for Sunday, September 17, 1922; but it seems that his alibi testimony was hardly sufficient to cover the other acts to which the prosecutrix testified.

Appellant's counsel and the trial court have placed in this record certain matters concerning certain bills of exceptions to which we shall but briefly advert. Bills of exceptions 2 and 3 complain of certain remarks alleged to have been made by the prosecuting attorney in the closing argument. These bills were not approved, but, instead, the trial court files a paper which is designated in the record "Instructions of the Court" and which covers four full pages of the transcript, in which he gives his reasons for not approving said bills. Appellant's counsel counters with some six affidavits, in which he attempts to show that the matters contained in said bills are fairly stated therein. We find it unnecessary to arbitrate this dispute. In view of the fact that appellant's guilt seems abundantly proved if the State's testimony is believed and of the further fact that the jury gave him the minimum penalty in a case where at least some circumstances of aggravation are rather cogently shown, it is our opinion that if the language attributed to State's counsel was actually used same did not harm the appellant; hence the assignment complaining of this matter is overruled. Patterson v. State, 87 Texas Crim. Rep. 95; Wright v. State, 60 Texas Crim. Rep. 387.

Bill No. 1 complains of the action of the court in permitting the witness Doctor Rhodes to testify as to a physical examination made

of defendant in jail.   The bill shows that the District Attorney's office sent for the witness, but it further shows that defendant did not object to the examination.   Under these conditions we cannot say that the bill shows error.

The above disposes of appellant's contentions as disclosed by the record, and, finding nothing therein showing reversible error, it is our opinion that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.