### Noble Guthrie v. The State.

No. 17833.   Delivered January 15, 1936.
Rehearing Denied March 4, 1936.

The opinion states the case.

*Grady L. Fox,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery and his punishment was assessed at confinement in the state penitentiary for a term of twenty years.

The testimony adduced by the state shows that W. J. Crain, a single man, left his ranch home on the afternoon of April 7, 1934, went to Amarillo where, after purchasing some groceries, he attended a midnight picture show. During his absence someone entered his home, took two suits of clothes, several woolen shirts, and some other wearing apparel. On his return (to his home) at about two thirty a. m. and after he had gotten out of his car, someone struck him on his head with an iron pipe, tied his hands, and then robbed him of twelve or fifteen dollars in money, a watch, and a Pontiac coupe. Crain positively identified appellant as the party who assaulted and robbed him. Appellant had lived with Crain from December, 1933, to March, 1934, and he was thoroughly familiar with the premises at the time of the alleged robbery. Appellant was subsequently arrested in the State of Oklahoma and some of Crain's suits and wearing apparel were found in his possession, which he claimed to have purchased from some person unknown to him and whose name he did not learn. The testimony sustains the conviction.

The defense interposed by him was that of an alibi which he supported by his own testimony and that of his mother-in-law. The only ground on which he seeks reversal of the judg-

ment is that he was not accorded an opportunity to have process issued for some witnesses who lived in the State of Oklahoma and who would have come and given testimony in support of his plea. He did not file any motion asking for a continuance or postponement of his trial in order that he might obtain the desired testimony and the matter is not brought forward by any bill of exception. Hence said matter is not properly brought before this court for review. See Northcutt v. State, 158 S. W., 1004; Womack v. State, 170 S. W., 139; Wills v. State, 77 S. W. (2d) 875.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant sets out in his motion a number of statements which he says were made to him by the sheriff of Armstrong County, promising him that he would have time to get ready for trial and procure witnesses before he would be brought to trial. Matters of this character have no standing in this court. The time and place for making such representations and showing is in the trial court, first, in the form of an application for continuance, and, second, in connection with a motion for new trial. This court can pay no attention to such statements made by an attorney for one who has been convicted of a crime in this State.

The motion for rehearing, bringing forward nothing for our review, is accordingly overruled.

*Overruled.*