## ALONZO MARTINEZ V. STATE

No. 29,238. November 27, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 19, 1958.

*David E. Hume,* Eagle Pass, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge:

Appellant was convicted for wilfully neglecting and refusing to provide for the support and maintenance of his children, Maria del Carmen Martinez and Nicholas Francisco Martinez, both being under sixteen years of age. The punishment was assessed at one year in the penitentiary.

The offense was alleged to have been committed on or about March 4, 1957.

The proof shows that the appellant was the father of the two children named in the indictment and that they were under sixteen years of age on March 4, 1957.

The wife of the appellant, called by the state, testified that from the time of their separation, December 4, 1955, until in October, 1956, appellant made various contributions of money, a part of which was paid by order of the court and also furnished some food and clothing, and paid some of the utility bills; that they did not receive anything from the appellant from October 26, 1956, to March 4, 1957, except that he paid the water, gas and light bills which amounted to about $12 per month; that she signed the second complaint against him in November and that she had asked appellant many times for his help in providing for the children and "he told me to go out and look for it." She further testified that they owned the building in which she and the children lived in Eagle Pass and that they owned a building across the river in Piedras Negras where the appellant began operating a tire recapping shop after their separation. On cross-examination she testified that in June and again in July, 1956, appellant asked her to come and bring the children to the house in Piedras Negras. On further examination by the state, she testified that upon investigation she found the house occupied by lessees; and that the reason she didn't go was that she was afraid of him because he abused her and the children. And further that she wanted them educated in the United States. She also testified that from the time they came to Eagle Pass in 1953 she worked in the laundry which they operated until he left in December, 1955.

E. L. Walters testified that the appellant gave him a check in the amount of $7,000 in 1956 for the tire recapping equipment which was paid; that he had talked with him since the sale and he said that business was "all right" and that he had talked with him "in the last two or three months."

Appellant testifying in his own behalf stated that he made only enough money for him to live on; that in June and again in July, 1956, he informed his wife that Piedras Negras was his domicile, that he requested her to come there and bring the children, and that if she had he would have maintained and provided for them. He further testified that he had on numerous occasions given money and furnished food and clothing and other necessities for his children until sometime in September, 1956; and that he was in Eagle Pass almost daily.

On cross-examination by the state, appellant testified:

"Q. Now, Mr. Martinez, these Exhibits that you introduced here, most of them cover the months of March, April or February to April (1956), and we have one in September (1956); now, have you got any bills from October (1956) through January, 1957? A. No.

"Q. You don't have any bills for those months? A. Well, I paid all the utilities.

"Q. And that was all? A. I guess so.

You didn't support your children then, did you, during those months? A. No.

"Q. Why didn't you? A. They refused to go live with me and I don't have no money to send them. I could have support them if they had been by my side."

He also testified that the shop and equipment in Piedras Negras was of the value of about sixteen or eighteen thousand dollars, but there was a lien on the building and the equipment; and that the building in which his wife and children lived in Eagle Pass was worth thirty-five or forty thousand dollars.

The evidence is sufficient to support the verdict of the jury.

Appellant complains of the refusal of his specially requested charge where he sought to have the jury instructed as follows: "Now, if you find from the evidence that in June and July, 1956, defendant had established his domicile as head of his family and had notified his wife to rejoin him and bring the named children to said domicile and she unreasonably refused to do so, while she had and exercised custody and control over said named children,

you will acquit the defendant and say by your verdict, 'Not Guilty.'"

The record shows that the children were living with the mother. No evidence was offered that she was unfit or unsuitable to have their care and custody. The parents were not divorced, and there was no showing of any legal restraint or court order pertaining to the children's custody.

Our courts have consistently held that there is a legal as well as a moral obligation resting upon both parents to provide for the support and maintenance of their children. This duty, however, rests primarily upon the father as the head of the family, and he is not relieved of it when the mother is given custody of the children upon divorce. 31 Texas Juris. 1302, Sec. 28; Thomas v. State, 96 Texas Cr. Rep. 131, 256 S.W. 286; 81 A.L.R. 887; 15 Texas Digest, Divorce, Key 324. And even though the divorce decree makes no provision for support and maintenance of the children, the father's duty is still primary and continuing. Gully v. Gully, 111 Texas 233, 231 S.W. 97; 15 A.L.R. 564; Jones v. State, 159 Texas Cr. Rep. 18, 261 S.W. (2d) 324. Nor are we aware of any rule in this state whereby he can escape his legal obligation to support his children while he and the mother are separated when the children are in the actual custody of the mother. The refusal of the mother to take the children and go to the father upon his request does not relieve the father of his duty to provide for them when he knows the mother cannot provide adequate support. Bielfuss v. State, 142 Wis. 665, 126 N.W. 33; State v. Sutcliffe, 18 R.I. 53, 25 Atl. 654; Schade v. Schade, 274 Wis. 519, 80 N.W. 2d 416; 23 A.L.R. 864n; 39 Am. Juris. p 649, Sec. 41. Such refusal under the facts here presented affords the appellant no defense to the charge of neglecting and refusing to provide for the support and maintenance of the children.

No error is shown in the refusal of the requested charge.

Other contentions presented by the appellant have been carefully considered and they do not reflect error.

The judgment is affirmed.

Opinion approved by the Court.