Abundio ALMANZA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 35429.

Court of Criminal Appeals of Texas.

March 6, 1963.

Longoria & Evins, Edinburg, for appellant.

R. L. Lattimore, Dist. Atty., John F. Dominguez, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is neglect and refusal to provide for the support of a minor child; the punishment, twenty days in jail.

The appellant was charged by information with deserting, neglecting, and refusing to support his minor children, Abundio Almanza, Jr., and San Juanita Almanza, "on or about the 1st day of December... 1961." The desertion count was dismissed by the state and the court charged on the latter elements only. Additionally, the legitimacy of San Juanita was questioned, and the court instructed the jury to disregard all evidence concerning her.

The prosecuting witness, Margarita G. Almanza, testified that she and the appellant were married on February 20, 1949, and were divorced on June 20, 1950. It appears that she was the mother of three children, only one of whom was involved here.

The divorce decree was introduced to show that the appellant had been ordered to pay $5 per week support payments to the child. It also reflected that the appellant had been given weekly visitation rights with the child. Shortly after the divorce, a conflict between the parents arose over those rights. Appellant consulted an attorney, and soon stopped making the support payments.

Appellant testified that in 1952 he moved to the northern part of Texas in search of work, and that in 1953 he married his present wife, Yolanda Almanza, and had since lived near Plainview, where he worked as a field hand. He further testified that he had five additional children by this second wife and that this family required all he could earn.

Appellant first contends that the evidence was insufficient to support the conviction.

There is no question but that the appellant had not contributed to the support of the minor child since 1952, and there is proof of necessitous circumstances. The

**362**

only real problem arises over the question of wilfulness. Quoting from Mercardo v. State, 86 Tex.Cr.R. 559, 218 S.W. 491, 8 A.L.R. 1312:

"The term 'willful' has been often defined by our courts, and as applied to this statute [Art. 602, V.A.P.C.] we think means not only with evil intent and malice, but that it also implies a set purpose and design."

 One requisite to showing wilfulness is that the accused had the ability to contribute to the support of his minor children. Adams v. State, Tex.Cr.App., 361 S.W.2d 877. This requisite has been met, here, by the appellant's own testimony that in the year 1960 he had earned $30 per week, plus $385 from "sharecropping"; that in 1961 he earned $35 per week, plus $606 from "sharecropping." This, connected with the fact that he made no contributions during this period, is sufficient to satisfy the statute. Appellant's showing that his "second family" drained his financial ability did not negate the element of wilfulness. As noted by the Minnesota Supreme Court in State v. Lewis, 157 Minn. 250, 195 N.W. 901:

"The all too expeditious second marriage did not dissolve the pre-existing obligations of defendant to his minor children. If the self-imposed duties of his second matrimonial venture made it difficult for defendant to perform those of his fatherhood, he has only himself to blame. The law is too solicitous of the welfare of children to excuse, on such grounds, a father's complete default in their support."

Appellant contends, however, that he should have been allowed to testify that he stopped his support payments, under advice of counsel, because the prosecuting witness, the mother, refused to allow him to visit the child.

That a mistake of law does not justify action contrary to the law is so well established that we need not cite authority.

If the appellant were correct, any dispute between the mother and father would justify non-compliance with the statute. This is not the law, and the trial court did not abuse his discretion in refusing the appellant's testimony.

The appellant's duty to support the children continued after the divorce and was not altered by any disagreement with the mother or by any dispute over the custody of the child or his subsequent re-marriage and new family. Martinez v. State, 165 Tex.Cr.R. 596, 307 S.W.2d 259; Jones v. State, 159 Tex.Cr.R. 18, 261 S.W.2d 324; Thompson v. State, 158 Tex.Cr.R. 462, 256 S.W.2d 854; Freeman v. State, 103 Tex. Cr.R. 428, 280 S.W. 1069; Thomas v. State, 96 Tex.Cr.R. 131, 256 S.W. 286; Gully v. Gully (1921), 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Anno. 73 A.L.R.2d 960.

We have reviewed the other contentions of appellant, and also the informal bills of exception.

Finding the evidence sufficient and no reversible error appearing, the judgment is affirmed.